OPINION
{¶ 1} Defendant-appellant, Lance K. Ross (hereinafter "Ross"), appeals the Allen County Court of Common Pleas judgment of conviction and sentence; specifically, Ross appeals the trial court's denial of his motion for production of evidence. For the reasons that follow, we affirm.
 {¶ 2} On December 22, 2006, Officer Rob Kohli of the Shawnee Police Department posed as a fourteen-year-old girl who lived in Lima, Ohio on the internet with the screen name "sarah2hot420." Ross, whose screen name was "stargazr58" and who was residing in Texas at that time, engaged in on-line chats with sarah2hot420. Some of their conversations involved discussions of various sexual activities, which included Ross asking sarah2hot420 if she would engage in oral sex, both felatio and cunnilingus, with him.
 {¶ 3} In January of 2007, Ross arranged a meeting with sarah2hot420 telling her that he was going to be in Lima, Ohio for business and that he wanted to engage in sexual activities with her while he was in town. Ultimately, Ross and sarah2hot420 agreed to meet on January 15, 2007 at the Taco Bell on Shawnee Road in Allen County, Ohio. Ross arrived at the scheduled time, driving a vehicle that matched the description he had given sarah2hot420. Subsequently, Ross was arrested and taken into custody. *Page 3 
 {¶ 4} While in custody, Ross admitted that he believed he had solicited and engaged in conversations regarding sexual activities with a minor. Ross further admitted that he was born in 1958 and that he had driven to Taco Bell to meet with sarah2hot420.
 {¶ 5} Ross was indicted on February 16, 2007 on one count of importuning in violation of R.C. 2907.07(D)(2), a felony of the fifth degree; and one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) (B)(2) and R.C. 2923.02, a felony of the fourth degree.
 {¶ 6} On February 26, 2007, Ross filed a written plea of not guilty. The State filed its first discovery response on February 28, 2007, which included a written summary of Ross' statements to law enforcement officers and a copy of the transcript of the conversation between Ross and the police officer who had posed as sarah2hot420. On April 10, 2007, Ross filed a motion to expand his discovery request, in particular seeking copies of his computer hard drive and the law enforcement's computer hard drive, as well as records concerning logs, testing and maintenance records of the police department. The State filed a response objecting to copying the entire hard drive of the police department's computer arguing that it contained other law enforcement information which was not discoverable. *Page 4 
 {¶ 7} A hearing was held on June 25, 2007, and the discovery issues were seemingly resolved. However, on October 2, 2007, Ross filed a motion to produce the police department's hard drive based upon his expert witness being unable to authenticate the transcript of the online conversation. On October 15, 2007, the State responded stating that the hard drive had been erased due to computer problems and asked the trial court to overruled the motion or, in the alternative, to conduct anin camera inspection of the hard drive to determine whether any relevant contents remained and were discoverable. On January 17, 2008, the trial court agreed to conduct an in camera inspection of the hard drive.
 {¶ 8} On May 27, 2008, Ross pled no contest to importuning, and the State dismissed the remaining count. The trial court found Ross guilty of importuning. On July 16, 2008, at the sentencing hearing, the trial court placed Ross on five years of community control, classified him as a tier-one sex offender, and imposed a 30-day jail sentence and $1,000 fine. The sentence was stayed and an appeal bond issued pending the appeal.
 {¶ 9} Ross now appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DENYING THE APPELLANT'S EXPERT ACCESS TO THE COMPUTER HARD DRIVE AND FINDING THAT THE CHAT ROOM CONVERSATION COULD BE AUTHENTICATED BY TESTIMONY RESULTING IN A VIOLATION OF DUE PROCESS[.] *Page 5 
 {¶ 10} In his assignment of error, Ross argues that the trial court's denial of his motion to produce the police department's hard drive violated his due process rights. Specifically, Ross argues that the trial court's denial of access to the hard drive prevented him from presenting a defense and challenging the chat room conversations. In support of his argument, Ross primarily relies on State v. Rivas, 172 Ohio App.3d 473, 2007-Ohio-3593, 875 N.E.2d 655, appeal allowed byState v. Rivas, 116 Ohio St.3d 1455, 2007-Ohio-6803, 878 N.E.2d 33.[1]
 {¶ 11} This Court reviews discovery issues under an abuse of discretion standard. Geggie v. Cooper Tire Rubber Co., 3d Dist. No. 5-05-01, 2005-Ohio-4750, ¶ 25. Thus, a decision of a trial court regarding a discovery issue will not be disturbed unless the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 12} The facts in Rivas are similar to the facts in this case. InRivas, the appellant had been convicted of importuning and attempted unlawful sexual conduct with a minor for engaging in inappropriate on-line chats with an undercover police officer who had been posing as a 14-year-old girl. 2007-Ohio-3593, at ¶ 1. On appeal to the Court of Appeals for the Second District, Rivas *Page 6 
challenged the trial court's ruling that he not be allowed to make an electronic copy of the police department's computer hard drive. Id. at ¶ 2. Rivas also argued that the transcripts of those chats should not have been admitted into evidence because they were not properly authenticated. Id. The Second District reversed and stated:
 [w]hile we do not hold that the trial court was required to allow the making of an electronic copy of the hard drive, we do conclude that the trial court abused its discretion by refusing to allow any means for Rivas to be assured that the transcripts provided to him by the police, purporting to represent the information stored on the hard drive concerning his conversation with "Molly," were both complete and accurate.
Id. at ¶ 10. Ultimately, the court held:
 [W]here there is direct evidence of a conversation allegedly constituting the crime with which a defendant is charged, we hold that the right to a fair trial, embodied in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and in Section 10, Article I of the Ohio Constitution, includes the right of the defendant to some reasonable means of verifying that a purported transcript of the conversation, prepared from the direct evidence by the adverse party, is accurate and complete.
Id. at ¶ 19.
 {¶ 13} Here, in its judgment entry on Ross' motion to produce the police department's hard drive, the trial court found Rivas
distinguishable and made the following findings:
 In the instant case, the State claims the direct evidence, i.e. the police hard drive, no longer exists so there is not direct evidence *Page 7 of the conversation through which defense can verify the accuracy of the printed transcript. However, there is the testimony of Kohli, as noted above and apparently, a copy of defendant's hard drive that could be used to verify whether the transcript is accurate. In this case, according to the discovery responses filed, there are also alleged statements of defendant that verify the contents of the transcript or at least the alleged criminal nature of the conversation.
 If there is no direct evidence, i.e. the police hard drive, then there is nothing to turn over to defendant. However, so there is no question about what the State represents, to wit, that the police hard drive was erased and no longer exists, the Court hereby orders an in camera review, using a computer expert of the Court's own choosing, to verify whether there is any evidence relevant to this case on the police hard drive.
 * * *
 If the information on the police hard drive does not exist, then "[u]less. . . defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood (1988), 488 U.S. 51.
(Jan. 17, 2008 JE at 5-6) (emphasis in original).
 {¶ 14} We agree with the trial court that this case is distinguishable from Rivas. Rivas appealed claiming that the transcripts of the on-line chats were incomplete. Rivas, 2007-Ohio-3593, at ¶ 12. Ross, however, is not claiming that the transcripts were incomplete, rather he is arguing that his expert was unable to "authenticate" the transcripts due to the chats being out of order. More importantly, unlike Rivas, here the direct evidence (the police department's hard drive) was no longer available when Ross filed his motion to produce. See id. *Page 8 
According to the trial court's judgment entry, the police computer's hard drive had been erased and only the paper print-out version of the conversation existed. (Jan. 17, 2008 JE at 3).
 {¶ 15} "The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted where the state fails to preserve materially exculpatory evidence or destroys in bad faith potentially useful evidence."State v. Bolden, 2nd Dist. No. 19943, 2004-Ohio-2315, ¶ 51, citingState v. Franklin, 2nd Dist. No. 19041, 2002-Ohio-2370. However, the United States Supreme Court has held the State's failure to preserve evidence does not automatically mean that such failure amounts to a constitutional defect that would require a dismissal of charges. SeeCalifornia v. Trombetta (1984), 467 U.S. 479, 488, 104 S.Ct. 2528,81 L.Ed.2d 413. In fact, when the State fails to preserve "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," due process is only violated if the State acted in bad faith. Arizona v. Youngblood (1988), 488 U.S. 51, 57-58, 109 S.Ct. 333,102 L.Ed.2d 281.
 {¶ 16} Here, Ross claims that due process requires that his expert should have been allowed to examine the police department's hard drive in order to "authenticate" the transcripts of the on-line chats. This argument lacks merit. Not only has Ross failed to explain what, if any, exculpatory evidence would be *Page 9 
revealed by examining the police department's hard drive, there is no evidence remaining on the police department's hard drive which would be relevant to Ross' case. Moreover, not only has Ross failed to show bad faith on the part of the State, but he chose not to allege bad faith as part of his motion to produce. Therefore, we find that the trial court did not err when it denied Ross' motion to produce the police department's hard drive since the hard drive had been erased and Ross did not demonstrate any bad faith on the part of the State. We note that the trial court's in camera review of the police department's hard drive went a step further in protecting Ross' due process rights; however, there was never any violation of Ross' due process rights since the direct evidence no longer existed.
 {¶ 17} In addition, Ross argues that the trial court's determination that the transcript of the on-line chats between him and sarah2hot420 could be authenticated by Officer Kohli's testimony, pursuant to Evid. R. 901(A) and Evid. R. 901(B)(1), was clearly erroneous.
 {¶ 18} In its judgment entry, as to the issue of authentication, the trial court pointed to Evid. R. 901(B)(1) and (9) for support that the transcripts could be authenticated by other evidence other than the hard drive. (Jan. 17, 2008 JE at 3-4). Under Evid. R. 901(B)(1), authentication can be made by "testimony of witness with knowledge" or "testimony that a matter is what it is claimed to be." Thus, the trial court stated that the testimony of Officer Kohli, who was a party to *Page 10 
the conversations, could testify from his personal knowledge that the transcript was what the State claimed it to be. (Jan. 17, 2008 JE at 3). Further, under Evid. R. 901(B)(9), authentication can be made by "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result." Thus, the trial court stated that testimony about the process or system used to make the transcript could also be used to show that the transcript was what the State claimed it to be. (Jan. 17, 2008 JE at 3-4).
 {¶ 19} While we agree with the statements of law made by the trial court, those conclusions as to authentication, and implicitly to the admissibility of the transcript, were premature. Here, Ross filed a motion to produce evidence, or a discovery motion pursuant to Crim. R. 16. While the motion to produce was based on Ross' expert not being able to "authenticate" the transcript, this was not a motion specifically challenging the authentication of the transcript. There was never any hearing on the matter of the transcript's authentication and there was never any foundation laid for the trial court's conclusions that the transcript could be authenticated. The trial court merely speculated as to methods other than the existence of the hard drive that could be used later to authenticate the transcript.
 {¶ 20} Because the issue of the transcript's authentication was never formally presented to the trial court nor appropriately ruled upon by the trial court, the issue cannot be properly considered by this Court. *Page 11 
 {¶ 21} Ross' assignment of error is, therefore, overruled.
 {¶ 22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI, J., concurs.
 ROGERS, J., concurs in Judgment Only.
[1] The Ohio Supreme Court accepted review on the issue of whether "[a] trial court properly denies a motion to compel discovery of a confidential, law enforcement investigatory record, absent a showing of particularized need." (State's Memo in Support of Jurisdiction). We recognize that oral arguments in Rivas, 2007-Ohio-6803, were held on Sept. 16, 2008. However, we find Rivas distinguishable for the reasons stated in this opinion, and therefore find Rivas not dispositive to this case. *Page 1