[Cite as *Cruz v. Kettering Health Network*, 2012-Ohio-24.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| RAFAEL M. CRUZ, M.D. | : | |
| | : | Appellate Case No. 24465 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 10-CV-3012 |
| v. | : | |
| | : | |
| KETTERING HEALTH NETWORK, | : | (Civil Appeal from |
| et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of January, 2012.

. . . . . . . . .

KENNETH A. LAZARUS, Atty. Reg. #0001663, Lazarus & Associates, 1025 Thomas
Jefferson Street, N.W., Suite 110-G, Washington, D.C.   20007
and
LEE C. FALKE, Atty. Reg. #0003922, and ADAM R. WEBBER, Atty. Reg. #0080900, Falke
& Dunphy, LLC, 30 Wyoming Street, Dayton, Ohio 45409
       Attorneys for Plaintiff-Appellant

GREGORY G. LOCKHART, Atty. Reg. #0007791, and TIMOTHY G. PEPPER, Atty. Reg.
#0071076, Taft Stettinius & Hollister LLP, 40 North Main Street, Suite 1700, Dayton, Ohio
45423
       Attorneys for Defendant-Appellee

. . . . . . . . .

HALL, J.

**{¶ 1}** Rafael M. Cruz appeals from the trial court's Civ.R. 12(B)(6) dismissal of his verified petition for an order requiring pre-suit discovery pursuant to Civ.R 34(D).

**{¶ 2}** Cruz advances two assignments of error on appeal. First, he contends the trial court erred in denying pre-suit discovery in accordance with Civ.R. 34(D). Second, he claims the trial court erred in denying him leave to amend his petition pursuant to Civ.R. 15(A).

**{¶ 3}** The record reflects that Cruz, a urologist, maintained hospital privileges at appellee Kettering Medical Center (KMC) for more than forty years. Appellee Kettering Health Network (KHN) is a holding company that owns KMC. Appellee Roy Chew is the president of KMC. Appellee Francisco Perez is the chief executive officer of KHN. Appellee Greg Wise is the vice president for medical affairs at KMC.

**{¶ 4}** On April 9, 2010, Cruz filed a petition alleging that in the spring of 2009, Perez and Wise asked him about his retirement plans. Cruz responded that he intended to continue practicing medicine. Shortly thereafter, one of Cruz's colleagues allegedly informed him that "an effort was underway to force him out of KMC." Cruz's petition further alleged that in July 2009, his wife was injured due to substandard care she received while an emergency patient at KMC. Thereafter, in August 2009, KMC allegedly responded to Cruz's request for a two-year extension of his hospital privileges by giving him a six-month, conditional reappointment. The condition imposed involved a focused peer review and physician evaluation. According to Cruz, he subsequently received a "highly complementary" report from a doctor who served as an evaluator and proctor. Despite the positive report, Cruz alleged that KMC then ordered him to undergo a physical and mental evaluation and to

participate in another peer review period. Cruz challenged this demand. In response, KMC allegedly announced that his conditional reappointment had expired and that its expiration constituted a voluntary, automatic resignation of his medical-staff membership and privileges. According to Cruz, KMC representatives subsequently refused to meet with him or to answer any of his questions.

{¶ 5}   Cruz's petition alleged that he had a number of potential causes of action against the appellees, including breach of contractual, statutory, and constitutionally based rights, violation of age-discrimination laws, defamation, and other claims. Cruz further claimed that he required discovery to determine the identity of all adverse parties, to facilitate full pleading of his causes of action, and to remedy the appellees' refusal to provide the information he believed was necessary to support his claims. As a result, his petition requested an opportunity to conduct discovery in accordance with Civ.R. 34(D), which permits a trial court to grant limited, pre-suit discovery under certain circumstances.

{¶ 6}   On May 11, 2010, the appellees moved to dismiss Cruz's petition under Civ.R. 12(B)(6). Over Cruz's opposition, the trial court sustained the motion to dismiss on January 5, 2011. In support, the trial court reasoned that Cruz could bring claims against the known defendants, while naming "John Does" as additional defendants until traditional discovery revealed their identities. The trial court also found that much of the information Cruz sought was exempt from discovery under R.C. 2305.252, which establishes a peer-review privilege. As a result, the trial court held that Cruz could prove no set of facts entitling him to pre-suit discovery and that no amendment could cure the petition's defects. This timely appeal followed.

{¶ 7}  In his first assignment of error, Cruz contends the trial court erred in denying pre-suit discovery under Civ.R. 34(D), which provides:

{¶ 8}  "(1) Subject to the scope of discovery provisions of Civ. R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:

{¶ 9}  "(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;

{¶ 10} "(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;

{¶ 11} "(c) A statement or description of the information sought to be discovered with reasonable particularity;

{¶ 12} "(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;

{¶ 13} "(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.

{¶ 14} "(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the

potential action, by one of the methods provided in these rules for service of summons.

**{¶ 15}** "(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:

**{¶ 16}** "(a) The discovery is necessary to ascertain the identity of a potential adverse party;

**{¶ 17}** "(b) The petitioner is otherwise unable to bring the contemplated action;

**{¶ 18}** "(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."

**{¶ 19}** This court has not specifically adopted a standard of review to be applied to dismissal, pursuant to Civ. R. 12(B)(6), of a petition for discovery under Civ. R. 34(D). Ordinarily, review of a trial court's decision on a Civ.R. 12(B)(6) motion is de novo. *Stanfield v. Amvets Post No. 88*, Miami App. No. 06CA35, 2007–Ohio–1896, ¶ 9. Nevertheless, the standard of review for a trial court's disposition of discovery issues is an abuse of discretion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-329; *Board of Clark County Com'rs v. Newberry*, Clark App. No. 2002-CA-15, 2002-Ohio-6087. Appellant argues that the standard for review should be de novo. (Appellant's Brief at 5-6; Reply Brief at 1). The appellees argue that the standard is abuse of discretion. (Appellees' Brief at 3).

**{¶ 20}** In *Baker v. Cooper Farms Cooked Meats*, Van Wert App. No. 15–09–03, 2009-Ohio-3320, an injured worker filed a petition for discovery pursuant to Civ R. 34 and R.C. 2317.48. He claimed he was injured while working in Cooper Farms factory on a machine. He alleged that he may have product liability and intentional tort claims, but he had insufficient information to pursue the claims. The trial court granted the petition for discovery.

Cooper Farms appealed. On review, the court of appeals stated: "This Court reviews discovery issues under an abuse of discretion standard." Id. at ¶ 7, citing *State v. Ross*, Allen App. No. 1-08-47, 2009-Ohio-188, at ¶11; *Geggie v. Cooper Tire & Rubber Co.*, Hancock App. No. 5-05-01, 2005-Ohio-4750, ¶25. However, *Ross* was a criminal case where the defendant requested discovery of a police department computer hard drive which might contain on-line chats with a police officer posing as a fourteen-year-old girl and the defendant. Whether the hard drive would be produced was the subject of an evidentiary hearing and an *in camera* inspection by the trial court. Both of these elements involve degrees of discretion. The request was denied. *Geggie* was a wrongful death action filed when a worker died as a result of being caught in a tire manufacturing machine. His estate brought actions against his employer and the machine manufacturer. The trial court granted summary judgment for the employer. On review, the court of appeals first stated that review of a summary-judgment order is de novo. *Geggie*, at ¶9. But with regard to the second assignment of error, regarding a discovery issue, the court of appeals determined that it reviews discovery issues with an abuse-of-discretion standard and noted that trial courts are given broad discretion in the management of discovery. The trial court's decision was about documents that were included in a privilege log. It appeared that a hearing had been held and the trial court had conducted an *in camera* review of the documents before denying the discovery. Again, discretion was involved in the trial court's determination.

{¶ 21} In *Rood, M.D. v. FRJ, Ltd.*, Lake App. No. 2010-L-077, 2011-Ohio-2712, the court of appeals was faced with the trial court's partial denial of a Civ. R. 12(B)(6) motion to dismiss of a petition for discovery under Civ. R. 34(D) and R.C. 2317.48. The court stated,

without discussion, that it "reviews discovery issues under an abuse of discretion standard," citing *Cooper*, supra. But there is no indication that the trial court had exercised its discretion in the partial denial, and partial granting, of the petition.

{¶ 22} Our court previously has indicated that review of whether privilege applies to discovery of medical records is a question of law that we should review de novo. "In general, discovery orders are reviewed under an abuse-of-discretion standard. (Citation omitted). But whether the information sought is confidential and privileged from disclosure is a question of law that is reviewed de novo. (Citation omitted). When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. (Citations omitted)." *Bogart v. Blakely*, Miami App. No.2010 CA 13, 2010-Ohio-4526, ¶ 9; see, also, *Enquip Technologies Group, Inc. v. Tycon Technoglass, S.R.L.*, Greene App. No. 2009 CA 42, 2010-Ohio-28, ¶104. When the denial of a petition for discovery involves a question of law and the trial court was in no better position than the court of appeals to evaluate whether to grant or deny the petition, we believe that decision should be reviewed de novo.

{¶ 23} Nevertheless, upon review, we find no error in the trial court's dismissal of Cruz's petition pursuant to Civ.R.34(D). We reach this conclusion, however, based on reasoning that differs somewhat from the trial court's. As a preliminary matter, we conclude that Cruz's ability to identify five defendants (KMC, KHN, Chew, Perez, and Wise) might not necessarily preclude him from obtaining pre-suit discovery. Rule 34(D) itself recognizes that a petitioner seeking pre-suit discovery already might know the identity of one or more defendants. As set forth above, Civ.R. 34(D)(1)(d) obligates a petitioner to include in his

petition "[t]he names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action[.]" If knowing the identity of at least one adverse party prevented a petitioner from obtaining discovery under Civ.R. 34(D), then providing the identifying information required by Civ.R. 34(D)(1)(d) would be self-defeating. The drafters of Civ.R. 34(D) could not have intended a petitioner to defeat his own petition by identifying one or more known adverse parties.

{¶ 24} Although Civ.R. 34(D)(3)(a) preludes pre-suit discovery unless it is "necessary to ascertain the identity of a potential adverse party," this does not mean such discovery can be used only to identify *the first* adverse party. Reading Civ.R. 34(D)(3)(a) this narrowly would mean that any petitioner who complies with Civ.R. 34(D)(1)(d) by providing the names and addresses of expected adverse parties would defeat his own petition. A more reasonable interpretation of Civ.R. 34(D)(3)(a) is that pre-suit discovery must be necessary to ascertain the identity of an adverse party, regardless of how many known adverse parties exist. If resort to the traditional discovery process could be expected to result in identification of other potential adverse parties, then reliance on Civ.R. 34 would not be necessary. On the other hand, if the known adverse parties could not be expected to provide the identity of other potential adverse parties, then resort to pre-suit discovery might be necessary.

{¶ 25} A 1993 staff note to Civ.R. 34(D) illustrates the foregoing distinction and, in our view, the rule's intended use:

{¶ 26} "The 1993 amendment added new division (D), which provides a method whereby a person, with court approval, may compel limited discovery before filing a suit in an effort to determine the identity of a potential adverse party. It provides a mechanism for a

party who may have a cause of action to ascertain the identity of potential defendants in a variety of civil cases, such as products liability, malpractice, negligence, and wrongful death actions.

{¶ 27} "For example, the amended rule could be of particular benefit in an industrial accident case where the potentially liable party may be known to the injured worker's employer, but the employer may not be subject to suit. Prior to the amendment, the injured worker would have had to name the employer as a defendant and initiate discovery to identify the manufacturer of the machine that allegedly caused the employee's injury. Once the manufacturer was identified, the employer would be dismissed as a defendant. However, unless the injury was intentional, the employer may be immune from suit, and the plaintiff's attorney could be subject to a sanction under Civ.R. 11 or R.C. 2323.51 for naming the employer as a defendant.

{¶ 28} "Under the amendment, the injured worker in the example noted above could file a petition for discovery that, if granted, would authorize the worker's attorney to inspect and copy documents that would identify the manufacturer of the injury-causing machine or permit inspection of the employer's plant to identify the manufacturer. Once this information is obtained, the employer would not have to be named as a defendant in the action for damages. The amended rule thus promotes efficiency, avoids the joining of unnecessary defendants, and reduces the time and expense of identifying those parties who may ultimately be liable for damages."

{¶ 29} The 1993 staff note indicates that pre-suit discovery under Civ.R. 34(D) was intended to be directed at a non-party who may know the identity of a potential adverse party.

The rule enables a plaintiff to obtain identifying information from a non-party without the need to join the non-party as a defendant. Conceivably, the plaintiff in the example above might need discovery under Civ.R. 34(D) to identity the manufacturer of the machine even if other potential adverse parties already were known. This might be the case, for example, if identified potential adverse parties did not know who manufactured the machine but the employer, a non-party, did know.

{¶ 30} Cruz's pre-suit discovery request in the present case was directed at KMC, KHN, Chew, Perez, and Wise—all known, potential defendants in his anticipated lawsuit. If Cruz needs discovery from these entities and individuals, he can obtain it by filing his lawsuit against them and pursuing traditional discovery under the Civil Rules. The goal of Civ.R. 34(D), to avoid needlessly joining as defendants non-liable parties who may have valuable information, is not advanced by allowing Cruz to obtain pre-suit discovery from five defendants he intends to sue. Therefore, Cruz failed to satisfy the requirement of Civ.R. 34(D)(3)(a) because pre-suit discovery is not "necessary to ascertain the identity of a potential adverse party" in this case.

{¶ 31} We also reject Cruz's argument that Civ.R. 34(D) pre-suit discovery is available to help him "properly frame his complaint" and to gather evidence to support his anticipated claims. We recognize the existence of some authority holding that one purpose of Civ.R. 34(D) is to allow pre-suit discovery of facts to determine the viability of a cause of action against a known defendant. In *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341, for example, the Sixth District Court of Appeals stated: "The Committee Notes to [Civ.R. 34(D)] discuss the primary purpose of the rule as being the ability to conduct

limited discovery to ascertain the identity of a potential adverse party. However, the rule itself permits discovery of the facts necessary to determine if a party has a valid cause of action against a known adverse party." Id. at 344; see, also, *Riverview Health Institute v. Aetna, Inc.* (July 29, 2010), Montgomery C.P. No. 2010 CV 02306, at 4 (O'Connell, J., citing *Benner* for the proposition that Civ.R. 34(D) may be used to discover facts other than the identity of a potential adverse party).

{¶ 32} Notably, the *Benner* court failed to cite any language in Civ.R. 34(D) that permits discovery for any purpose beyond ascertaining the identity of a potential adverse party. To the contrary, the rule itself explicitly and unambiguously limits pre-suit discovery to information "necessary to ascertain the identity of a potential adverse party[.]" Civ.R. 34(D)(3)(a). To the extent that Cruz and *Benner* suggest otherwise, we find them unpersuasive.

{¶ 33} Having determined (1) that obtaining pre-suit discovery from KMC, KHN, Chew, Perez, and Wise was not necessary for Cruz to ascertain the identity of a potential adverse party and (2) that Civ.R. 34(D)(3)(a) does not authorize pre-suit discovery for any other purpose, we find no error in the trial court's dismissal of Cruz's petition under Civ.R. 12(B)(6). In light of his failure to satisfy the requirement of Civ.R. 34(D)(3)(a), Cruz's petition failed to state a claim upon which relief could be granted.[1] The first assignment of error is overruled.

{¶ 34} In his second assignment of error, Cruz contends the trial court should have

---

[1] In light of this determination, we need not address Cruz's argument that the trial court erred in denying discovery under Civ.R. 34(D) on the basis that some of the information at issue was protected by a peer-review privilege.

allowed him to amend his petition rather than dismissing it for failure to state a claim. We disagree. To the extent that this decision of the trial court involves a discretionary call, we review that decision on an abuse-of-discretion standard. However, on review, Cruz has failed to identify any amendment that would cure the defect we identified above, namely that obtaining pre-suit discovery from KMC, KHN, Chew, Perez, and Wise is not necessary for him to ascertain the identity of a potential adverse party. As a result, we agree with the trial court's assessment that amending the petition would be futile. See *Natl. City Bank v. Citizens Natl. Bank of Southwest Ohio*, Montgomery App. No. 20323, 2004-Ohio-6060, ¶26 (recognizing that a motion to amend a complaint may be denied when amendment would be futile). Accordingly, the second assignment of error is overruled.

{¶ 35} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . . .


DONOVAN, J., concurs.

FROELICH, J., dissenting:

{¶ 36} I agree that a trial court's dismissal, pursuant to a 12(B)(6) motion, of a Civ.R. 34(D) petition for pre-suit discovery should be reviewed on a de novo basis. Although its purpose is, by definition, pre-suit discovery, Civ.R. 34(D) provides a remedy for a party that is different than discovery needed to support or defend a separate cause of action.

{¶ 37} I disagree that the Appellant's petition did, as a matter of law, fail to demonstrate that discovery is necessary to ascertain the identity of a potential adverse party. Civ.R. 34(D)(3)(a). Apparently, the appellant is concerned that individuals (physicians, staff,

administrators, etc.) or entities other than, or in addition to, those named, violated or conspired to violate his constitutional rights and defamed him.

{¶ 38} It is true Appellant could name a few known people or entities concerning which he has non-frivolous grounds to sue and then, through traditional discovery, possibly ascertain other defendants. And I appreciate that the costs and expenses of a Civ.R.34(D) proceeding may approximate those of a formal suit. But it is also possible that the appellant would "discover" that there are no other defendants and that even the named defendants do not have exposure, due to the facts or due to questions of law such as privileges, immunities, statutes of repose, or statutes of limitations.

{¶ 39} I am also concerned about the effect of *Ashcroft v. Iqbal* (2009), 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868. Arguments that a complaint does not allege sufficient facts have been successful in state court with citation to *Iqbal* and/or *Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. See, e.g., *DiGiorgio v. City of Cleveland*, Eighth Dist. No. 95945, 2011-Ohio-5878; *Cirotto v. Heartbeats of Licking County*, Fifth Dist. No. 10-CA-21, 2010-Ohio-4236, cf, Note, Pleading in Ohio after *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*: Why Ohio Shouldn't "Notice" a Change, 58 Clev. St. L. Rev. 495 (2010), Hoffman, Access to Information, Access to Justice, the Role of Pre-suit Investigatory Discovery, 40 U Mich. J.L. Reform 217 (Winter 2007).

{¶ 40} I agree that the products liability intentional tort example cited by the staff notes to Civ.R. 34(D) is the archetypal use of the Rule; however, its wording is more general and includes the petition and allegations made by Appellant.

. . . . . . . . . .

Copies mailed to:

Kenneth A. Lazarus
Lee C. Falke
Adam R. Webber
Gregory G. Lockhart
Timothy G. Pepper
Hon. Mary K. Huffman