[Cite as *Wilkinson v. Dayton*, 2024-Ohio-180.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| PATRICIA WILKINSON ADMN OF ESTATE OF AISHA NELSON et al | : | |
| | : | |
| | : | C.A. No. 29841 |
| Appellants | : | |
| | : | Trial Court Case No. 2022 CV 05433 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| CITY OF DAYTON et al. | : | Court) |
| | : | |
| Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 19, 2024

. . . . . . . . . . .

MICHAEL L. WRIGHT, ROBERT L. GRESHAM and KESHA Q. BROOKS, Attorneys for Appellants

BRIAN L. WILDERMUTH and TABITHA JUSTICE, Attorneys for Appellees, Officer Moore and Officer Santos

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Patricia Wilkinson appeals from a judgment of the Montgomery County Court of Common Pleas which dismissed her complaint. For the following reasons, we affirm.

## I.     Facts and Procedural Background

{¶ 2} This case arises from the shooting deaths of Aisha Nelson and her minor daughter Harper Guynn.   Because this case was resolved upon a Civ.R. 12(B)(6) motion to dismiss, the facts are gleaned from the allegations as set forth in the complaint.

{¶ 3} At the time of the shooting, Nelson and Guynn resided at 337 Burleigh Avenue in Dayton.   Waverly "Dante" Hawes, with whom Nelson was in a relationship, also resided at that address.

{¶ 4} During the evening hours of June 22, 2022, Nelson contacted the Dayton Police Department and reported that Hawes had "threatened her life."   She asked the dispatcher to have officers meet her at a nearby store "so as not to arouse Hawes' suspicions."   "After waiting for some time," Nelson again called the Dayton Police Department and stated that "she had seen several police cars, [but] none of them had stopped.   She had her daughter in the vehicle[,] and it was late at night so she advised that she was going to go home and would make a report the next day."

{¶ 5} During the early morning hours of June 23, 2022, "Hawes called police to the home on Burleigh and stated he wanted [Nelson] to leave." Dayton Police Department Officers Kathryn Santos and Terrell Moore responded to the residence and spoke with both Hawes and Nelson.   During her interview, Nelson "informed Santos that Hawes had made multiple threats to her life and that there was a weapon in the house that Hawes had easy access to."   She further stated that Hawes had repeatedly "brandish[ed] a gun" and "threatened violence against [her]" in the presence of Guynn and Hawes's own

daughter. Nelson stated "that Hawes was like a '[l]ion in a concrete jungle in here, but it's like he locked himself in that basement. He's down in that basement with his gun rocking in recliner [sic] back and forth." Nelson further stated that Hawes had "cut up her credit cards and emptied her accounts leaving her with no option of anywhere to go." Nelson asked the officers to remove Hawes from the home.

{¶ 6} Moore and Santos left the residence at approximately 2:35 a.m. without making an arrest or "taking a formal report." At some point between 3:00 a.m. and 4:00 a.m., Hawes fatally shot both Nelson and Guynn. Hawes fled the scene, but he was later found dead from a self-inflicted gunshot wound.

{¶ 7} Patricia Wilkinson was appointed administrator of the estates of Nelson and Guynn. Wilkinson filed this action on December 5, 2022. She filed a first amended complaint the following day. The suit named the City of Dayton, the Dayton City Commission, the City of Dayton Commissioners, the Dayton Chief of Police, and Officers Moore and Santos as defendants. The suit also named "John and/or Jane Doe(s) 1-10 individually and as agents of the City of Dayton" as defendants.

{¶ 8} On March 6, 2023, Santos and Moore filed a joint motion to dismiss. The other defendants also filed motions to dismiss. On April 12, 2023, Wilkinson filed a motion for leave to file a second amended complaint along with the proposed amended complaint. On April 14, 2023, she filed a memorandum in opposition to the motion to dismiss filed by Moore and Santos. On April 17, 2023, she voluntarily dismissed her claims against all defendants except Moore and Santos.

{¶ 9} On May 5, 2023, the trial court granted Moore and Santos's motion and

dismissed all pending claims against them. The trial court also overruled Wilkinson's motion for leave to file a seconded amended complaint.

{¶ 10} Wilkinson appeals.

## II. Civ.R. 12(B)(6) Motion to Dismiss

{¶ 11} The first assignment of error asserted by Wilkinson states:

THE TRIAL COURT ERRED BY DISMISSING APPELLANTS' I, III,

IV, AND VI CLAIMS FOR RELIEF AS INSUFFICIENTLY PLEAD.

{¶ 12} Wilkinson claims the trial court erred by granting the Civ.R. 12(B)(6) motion to dismiss filed by Moore and Santos.

### A. Standard of Review

{¶ 13} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). "A motion made pursuant to Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim." *Ward v. Graue*, 12th Dist. Clermont No. CA2011-04-032, 2012-Ohio-760, ¶ 9, citing *Pyle v. Ledex, Inc.*, 49 Ohio App.3d 139, 143, 551 N.E.2d 205 (12th Dist.1988). "In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 758 N.E.2d 1136, ¶ 5. In determining

a motion to dismiss for failure to state a claim, "[a] court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor." *Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661, ¶ 5 (2d Dist.), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). The court may look only to the complaint and any material properly incorporated into the complaint to determine whether the allegations are legally sufficient to state a claim. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 14.

{¶ 14} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Duer v. Henderson*, 2d Dist. Miami No. 2009-CA-15, 2009-Ohio-6815, ¶ 68, quoting *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Thus, the appellate court "must independently review the complaint to determine whether dismissal is appropriate." *Boyd* at ¶ 13, quoting *Ament v. Reassure Am. Life Ins. Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, 905 N.E.2d 1246, ¶ 60 (8th Dist.).

## B. Petition for Discovery

{¶ 15} Wilkinson's first cause of action, which seeks the production of certain documents, is labeled as a "Petition for Discovery Against Defendants City, Commission, and Afzal [the police chief]." Wilkinson does not state whether she relies on Civ.R. 34(D) or R.C. 2317.48 as authority for the petition. Thus, we must examine both in determining whether the decision to dismiss was appropriate.

{¶ 16} R.C. 2317.48 states, in part:

When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. * * *

{¶ 17} The Supreme Court of Ohio has stated that an "action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer * * *."   *Riverview Health Inst., L.L.C. v. Kral*, 2d Dist. Montgomery No. 24931, 2012-Ohio-3502, ¶ 18, quoting *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 127, 541 N.E.2d 1031 (1989).   Such "interrogatories are to be limited and directed toward only those facts necessary to draft a complaint or answer * * *."   *Id.*   R.C. 2317.48 does not apply to a request for production of documents. *Riverview* at ¶ 18.   Because Wilkinson solely sought production of documents in her first amended and proposed second amended complaints, she was not entitled to relief under R.C. 2317.48.

{¶ 18} Civ.R. 34(D) provides, in pertinent part:

(1) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to

obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed.

* * *

{¶ 19} Civ.R. 34(D) did not provide Wilkinson with a cause of action for discovery, because it pertains to pre-suit discovery and limits the discovery to information that is "necessary to ascertain the identity of a potential adverse party[.]" *Cruz v. Kettering Health Network*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 32.

{¶ 20} Because Wilkinson cannot demonstrate she was entitled to maintain an action for discovery under either R.C. 2317.48 or Civ.R. 34(D), we find no error in the trial court's decision to dismiss this cause of action.

## C. Wrongful Death and Survivorship Claims

{¶ 21} Wilkinson's third and fourth causes of action assert claims for wrongful death and survivorship.

{¶ 22} A wrongful-death action is a special statutory action which does not exist at common law. *Keplinger v. Frederick*, 2d Dist. Champaign No. 1989-CA-6, 1990 WL 56846, *1, citing *Klema v. St. Elizabeth's Hosp. of Youngstown*, 170 Ohio St. 519, 524, 166 N.E.2d 765 (1960). A cause of action for wrongful death is governed by R.C.

Chapter 2125.01 et seq.[1]

**{¶ 23}** "In order to prevail in a wrongful death cause of action, the personal representative of the decedent must prove three elements: '1) a wrongful act, neglect or default of defendant which proximately caused the death and which would have entitled the decedent to maintain an action and recover damages if death had not ensued; 2) that a decedent was survived by a spouse, children, parents, or other next of kin; and 3) that the survivors suffered damages by reasons of the wrongful death.' " *Jordan v. Howard*, 2d Dist. Montgomery No. 29190, 2021-Ohio-4025, ¶ 61, quoting *Bishop v. Nelson Ledges Quarry Park*, Ltd., 11th Dist. Portage No. 2004-P-0008, 2005-Ohio-2656, ¶ 19, citing McCormac, Wrongful Death in Ohio, Section 2.02. Further, "[w]here the action is based on negligence, 'a plaintiff must show (1) the existence of a duty owing to plaintiff's decedent, i.e., the duty to exercise ordinary care, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death.' " *Id.*, quoting *Bennison v. Stillpass Transit Co.*, 5 Ohio St.2d 122, 214 N.E.2d 213 (1966), paragraph one of the syllabus.

**{¶ 24}** In their motion to dismiss, Officers Moore and Santos argued that Wilkinson

---

[1] A wrongful death claim exclusively belongs to the decedent's beneficiaries as set forth in the wrongful death statute. The purpose of a wrongful death action is to compensate the beneficiaries for the economic and emotional loss caused by the decedent's death. *Cunning v. Windsor House, Inc.*, 2023-Ohio-352, 208 N.E.3d 246, ¶ 46 (11th Dist.). Though almost always litigated in the same action, a survivorship claim, which is created and governed by R.C. 2305.21, is a separate cause of action. A survivorship claim "is simply the action the decedent could have brought for the injuries he suffered prior to his death and is * * * for the benefit of the estate." *Id.*, citing *Peters v. Columbus Steel Casting Co.*, 45 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, ¶ 10; *In re Estate of Craig*, 89 Ohio App.3d 80, 84, 632 N.E.2d 620 (12th Dist.1993). Because wrongful death and survivorship claims arise from the same facts and the dispositive duty analysis is the same, we will discuss the issues within the context of a wrongful death claim.

had failed to establish they had a duty to prevent Hawes from harming Nelson and Guynn. The trial court agreed.

{¶ 25} "Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 23, quoting *Commerce & Industry Ins. Co.*, 45 Ohio St.3d 96, 98, 543 N.E.2d 1188 (1989). " 'The existence of a duty is a question of law for a court to decide, even if resolving that question requires the court to consider the facts or evidence.' " *A.M. v. Miami Univ.*, 2017-Ohio-8586, 88 N.E.3d 1013, ¶ 33 (10th Dist.), quoting *Martin v. Lambert*, 2014-Ohio-715, 8 N.E.3d 1024, ¶ 17 (4th Dist.).

{¶ 26} "Ordinarily, under Ohio law, there is no duty to prevent a third person from causing harm to another absent a special relationship between the parties or a duty imposed by statute." (Citations omitted.) *Id.* at ¶ 34.[2] "Such a 'special relation' exists when one takes charge of a person whom he knows or should know is likely to cause bodily harm to others if not controlled." (Citations omitted.) *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 455 (1988). In Ohio, "[a] law enforcement officer does not 'take charge' of another person unless the person is in custody." *Bush v. Ashland Cty.*, 5th Dist. Ashland No. 09-CA-25, 2010-Ohio-1732, ¶ 34.

{¶ 27} There is no allegation in the complaint that the officers took control or custody of Hawes. And, as set forth below, they had no legal duty to arrest Hawes. Without the existence of a duty, "no legal liability can arise on account of negligence."

---

[2] Wilkinson alleges that Moore and Santo had a statutory duty to arrest Hawes. However, as discussed below in relation to the sixth cause of action, this argument fails.

*Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989). Considering the facts and law, and finding no that special relationship was demonstrated, we conclude that the trial court did not err in dismissing Wilkinson's claims for wrongful death and survivorship.

### D. Civil Liability for Criminal Offenses – R.C. 2307.60

{¶ 28} For her sixth cause of action, Wilkinson asserted an entitlement to damages as provided in R.C. 2307.60. That statute "independently authorize[s] a civil action for damages caused by criminal acts, unless otherwise prohibited by law[.]" *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 6. 10. In pertinent part, the statute states:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

R.C. 2307.60(A)(1).

{¶ 29} In the first amended complaint, Wilkerson asserted that Moore and Santos were guilty of the crime of dereliction of duty as proscribed by R.C. 2921.44. Specifically, that complaint cited R.C. 2921.44(E), which states that "[n]o public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public

servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office." The first amended complaint then asserted that Santos and Moore "wantonly, willfully, intentionally, maliciously, and not in good faith failed to perform their duties * * *," and that this failure was "a crime under R.C. 2921.44(F)." From this, the first amended complaint asserted a right to recovery under R.C. 2307.60(A)(1).

{¶ 30} In their motion to dismiss, Santos and Moore argued that, to avoid a Civ.R. 12(B)(6) dismissal, Wilkerson had to "identify a duty expressly imposed by law on * * * Santos and Moore, the violation of which caused injury." Santos and Moore then argued that, if the first amended complaint asserted that they had a duty to arrest Hawes for domestic violence under R.C. 2935.032, this assertion was incorrect because R.C. 2935.032 "only impose[s] an arrest obligation if an officer determine[s] that an offender [has] committed felonious assault or aggravated assault"; the first amended complaint did not contain this allegation.

{¶ 31} The trial court determined that the sixth cause of action was subject to dismissal under Civ.R. 12(B)(6), reasoning that R.C. 2921.44(E) requires the underlying statute "to *expressly* impose a duty upon the accused; an *implied* duty *is therefore insufficient* to support a charge of dereliction of duty." (Emphasis sic.) Then, the trial court concluded:

> [Wilkinson] argue[s] [Santos and Moore] had a duty to arrest [Hawes] and/or
> remove him from the premises but fail[s] to point to a duty *expressly*
> imposed by law. Instead, [Wilkinson] * * * mis-cite[s] laws not imposing an

express duty to arrest or remove and * * * guideline policies[3] created by [the Dayton Police Department] which, by their very nature, do not require arrest and removal. Therefore, [Wilkinson's] sixth cause of action is dismissed.

(Emphasis sic.) (Footnote added.)

{¶ 32} We agree with the trial court's conclusion. Based upon the facts set forth in the first amended complaint, neither the domestic violence statute nor the Dayton Police Department domestic violence guidelines imposed an express duty upon Officers Santos and Moore to arrest Hawes, to remove him from the premises, or to take any other action. Instead, both the statue and the guidelines state that, under certain circumstances, an arrest is the "preferred course of action." This language clearly gives the officers some degree of discretion in determining whether to make an arrest, and thus cannot be considered an express legal duty. Thus, we conclude that the trial court did not err in dismissing the sixth cause of action.

{¶ 33} Wilkinson also claims the trial court erred in dismissing this cause of action because another section of R.C. 2921.44 provided a basis for liability. Specifically, she argues that under R.C. 2921.44(A), a law enforcement officer commits the crime of dereliction of duty when he or she negligently "[f]ail[s] to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance." Wilkinson contends that this provision made the officers' failure to take action against Hawes a crime.

---

[3] Dayton Police Department General Order 2.01-2, which articulates the department's domestic violence response guidelines, was attached to the first amended complaint as Exhibit 2.

**{¶ 34}** However, this argument was not raised by Wilkinson at any time in the trial court. Indeed, she raised it for the first time in her appellate reply brief. "[A]rguments raised for the first time on appeal will not be considered by an appellate court." *Budz v. Somerfield*, 2d Dist. Montgomery No. 29550, 2023-Ohio-155, ¶ 30, citing *Powell v. Cleveland*, 2022-Ohio-4286, 202 N.E.3d 794, ¶ 53 (8th Dist.). The rationale for this conclusion is that a party should not be "given a second chance to raise arguments that they should have raised below." *Id.*, citing *Hamper v. Suburban Umpires Assn., Inc.*, 8th Dist. Cuyahoga No. 92505, 2009-Ohio-5376, ¶ 27, quoting *Perlmutter v. People's Jewelry Co.*, 6th Dist. Lucas No. L-04-1271, 2005-Ohio-5031, ¶ 29.

**{¶ 35}** Wilkinson attempts to evade a finding of waiver by arguing that, because Ohio is a notice pleading state, her general citation to R.C. 2921.44 was sufficient to place the defendants on notice of her claims under R.C. 2921.44(A). We disagree. While Wilkinson's complaint did make a general reference to R.C. 2921.44, the pleadings specifically relied upon subsection (E) as the basis for her right to relief. Furthermore, in their motion to dismiss, consistent with the content of the first amended complaint, Moore and Santos exclusively argued that subsection (E) did not create liability. If Wilkinson intended to rely upon a different or additional section of R.C. 2921.44, she had an obligation to make that argument in her motion in opposition to the motion to dismiss so that the trial court could have considered the claim. *See Budz* at ¶ 31 ("if the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal.") *Accord Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 20

(failure to raise an argument in response to a motion for summary judgment waives the argument for purposes of appeal). Because Wilkinson failed to raise this argument in the trial court, we will not consider it. Again, we find no error in the trial court's decision to dismiss the sixth cause of action alleging civil liability for criminal actions.

{¶ 36} Based upon the record before us, we find Wilkinson's arguments regarding the trial court's decision to dismiss lack merit. Accordingly, the first assignment of error is overruled.

### III.     Motion for Leave to File a Second Amended Complaint

{¶ 37} Wilkinson's second assignment of error is as follows:

THE TRIAL COURT ERRED BY OVERRULING APPELLANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

{¶ 38} Wilkinson contends the trial court erred by denying her request for leave to file a second amended complaint.

{¶ 39} Civ.R. 15(A) provides that a party may amend its pleading once as a matter of course within 28 days after serving it or within 28 days after service of a Civ.R. 12(B) motion, whichever comes first. Absent compliance with these deadlines, a party may amend its pleading only with the opposing party's written consent or after obtaining leave of court. Civ.R. 15(A). As to amendments requiring leave of court, Civ.R. 15(A) demands that "[l]eave of court shall be freely given when justice so requires." However, a trial court may properly refuse to grant leave to amend when the amendment would be futile. *Cruz*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 34.

{¶ 40} In general, a trial court's decision to permit or deny an amendment is reviewed under the abuse of discretion standard. *Gilliam v. Crowe*, 2d Dist. Montgomery No. 27352, 2017-Ohio-5494, ¶ 8, citing *Cruz* at ¶ 34. "Where, however, the trial court's denial of the motion for leave to amend 'can fairly be read to have been based on a determination that the amended complaint * * * would not withstand a motion to dismiss, the denial is a legal question that is reviewed de novo.' " *Id.*, citing *Marx v. Ohio State Univ. College of Dentistry,* 10th Dist. Franklin No. 95APE07-872, 1996 WL 87462, *3 (Feb. 27, 1996), quoting *Rainer v. Westinghouse Elec. Corp.*, 65 F.3d 169, *2 (6th Cir.1995); *Hollinghead v. Bey*, 6th Dist. Lucas No. L-99-1351, 2000 WL 1005205, *8 (July 21, 2000) (quoting *Rainer*).

{¶ 41} Wilkinson argues that the trial court erred by denying her request to amend her complaint because "multiple causes of action were and remain available to [her] to add to the Amended Complaint, including, but not limited to, Due Process violations, prior to the trial court's decision." She further notes that "the statute of limitations with respect to potential federal causes of action against all Defendants has yet to lapse." However, we have reviewed the proposed second amended complaint, and it did not add any causes of action that were not included in her first amended complaint.

{¶ 42} Further, nothing in the proposed second amended complaint contradicted the trial court's finding that Wilkinson had failed to demonstrate the existence of a duty that would save her claims for wrongful death and survivorship. The second amended complaint also did not state any new theories for civil recovery under R.C. 2307.60. Instead, it relied upon the same claim of dereliction of duty, R.C. 2921.44(E), and did not

add a claim for dereliction of duty under R.C. 2921.44(A).

**{¶ 43}** From our review of the record, we conclude the trial court did not err by denying Wilkinson's request to file a second amended complaint.

## IV.     Conclusion

**{¶ 44}** Both of Wilkinson's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.