OPINION
{¶ 1} Plaintiff, Lawrence F. Miller, appeals from a directedverdict for Defendants, Wire One Technologies, Inc. and LeoFlotron, on Miller's claims for relief arising from terminationof his employment.
 {¶ 2} Miller was the majority shareholder of AdvancedAcoustical Concepts, Inc. ("AAC"). On July 17, 2001, Wire OneTechnologies, Inc. ("Wire One") acquired AAC's assets. Miller andWire One also entered into a two-year employment agreement. Theemployment agreement includes a provision that states: "At anytime during the seventh month of the Employment Period, you shallhave the right, and the Company shall have the right, exercisableupon at least ten (10) days' written notice to the other party,to terminate the Employment Period effective upon the conclusionof such ten day period."
 {¶ 3} The employment agreement also contains a provision thatstates: "You acknowledge and agree that nothing contained hereinshall require the Company to utilize your services, the Company'sonly obligation to you being the payment of the compensation towhich you are eligible under paragraph 2 above." Finally, theemployment agreement contains the following integration clause:
 {¶ 4} "This agreement * * * constitutes the entire agreement,and shall supercede any prior agreement, between the partieshereto on the subject matter hereof. No waiver or modification ofthe terms or conditions hereof shall be valid unless in writingsigned by the party to be charged and only to the extent thereinset forth."
 {¶ 5} On August 14, 2001, Wire One terminated Miller butcontinued to pay him pursuant to his employment agreement, untilJanuary 28, 2002. Miller commenced an action on June 14, 2002,against Wire One and its then-President and Chief OperatingOfficer, Leo Flotron. Miller's complaint alleged four causes ofaction: fraud in the inducement of an employment agreement byWire One and Flotron; breach of contract by Wire One; breach ofan assumption agreement by Wire One; and tortious interferencewith a business expectancy by Flotron.
 {¶ 6} On March 24, 2003, approximately two-weeks before thescheduled trial date, Miller moved for leave to amend hiscomplaint in order to add a claim for relief for spoilation. Thetrial court denied Miller's motion on April 3, 2003.
 {¶ 7} A trial on Miller's initial complaint commenced, and atthe close of Miller's case-in-chief the trial court granted WireOne's oral motion for directed verdict on all four counts ofMiller's complaint. On April 17, 2003, the trial court enteredjudgement against Miller.
 {¶ 8} Miller filed a timely notice of appeal. He now presentsthree assignments of error. We will address these threeassignments of error in the order we find more convenient.
 THIRD ASSIGNMENT OF ERROR {¶ 9} "The trial court erred in denying appellant leave tofile an amended complaint"
 {¶ 10} On March 24, 2003, approximately two-weeks before hisscheduled trial date, Miller moved to amend his complaint to adda cause of action for spoilation. Miller's motion to amendalleged "several inconsistences" between documents provided byWire One during discovery and those subsequently made availableby Wire One on CD-ROMs it produced on March 18, 2003.
 {¶ 11} The elements of a claim for spoilation or destructionof evidence are: (1) pending or probable litigation involving theplaintiff; (2) knowledge on the part of defendant that litigationexists or is probable; (3) willful destruction of evidence bydefendant designed to disrupt the plaintiff's case; (4)disruption of the plaintiff's case; and (5) damages proximatelycaused by the defendant's acts. Smith v. Howard Johnson Co.,Inc. (1993), 67 Ohio St.3d 28.
 {¶ 12} The trial court denied Miller's motion to amend hiscomplaint. It found that Miller failed to make a prima facieshowing of spoilation. Specifically, the trial court found thatMiller's evidence failed to satisfy the last three elementsrequired to prove a claim for interference with or destruction ofevidence. The trial court did not preclude Miller from bringing aseparate claim for spoilation at a later date.
 {¶ 13} Miller argues that, inasmuch as his request was toamend his pleadings, the trial court erred when it required himto substantiate his claim. Miller is correct that, when passingon the sufficiency of a pleading, facts alleged must be assumedto be true. O'Brien v. Univ. Community Tenants Union, Inc.(1995), 42 Ohio St.2d 242. Further, a pleading need only set outa short and plain statement of operative facts showing that thepleader is entitled to relief. Civ.R. 8(A). However, when passingon a plaintiff's Civ.R. 15(A) motion to amend a pleading to add aclaim for relief, the court does not abuse its discretion bydenying the motion "where a plaintiff fails to make a prima facieshowing of support for new matters sought to be pleaded."Wilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120, 123.
 {¶ 14} We find no abuse of discretion. Miller failed topresent any evidence showing that Wire One willfully destroyedevidence in an attempt to interfere with or disrupt Miller'scase. Therefore, Miller failed to satisfy the third element of aclaim for interference with or destruction of evidence. Further,the record does not show how Miller's case was disrupted, or thatMiller suffered any damages that were proximately caused by theWire One's willful destruction of evidence in an attempt tointerfere or disrupt Miller's case. Miller's third assignment oferror is overruled.
 FIRST ASSIGNMENT OF ERROR {¶ 15} "The trial court erred in granting a motion fordirected verdict on appellant's claim for fraudulent inducement"
 {¶ 16} A motion for directed verdict may be made at the closeof the opponent's evidence or at the close of all the evidence.Civ.R. 50(A)(1). Paragraph (A)(4) of the rule states:
 {¶ 17} "When a motion for a directed verdict has been properlymade, and the trial court, after construing the evidence moststrongly in favor of the party against whom the motion isdirected, finds that upon any determinative issue reasonableminds could come to but one conclusion upon the evidencesubmitted and that conclusion is adverse to such party, the courtshall sustain the motion and direct a verdict for the movingparty as to that issue."
 {¶ 18} "In order to prove fraud in the inducement, a plaintiffmust prove that the defendant made a knowing, materialmisrepresentation with the intent of inducing the plaintiff'sreliance, and that the plaintiff relied upon thatmisrepresentation to her detriment." ABM Farms, Inc. v. Woods,81 Ohio St.3d 498, 502, 1998-Ohio-612.
 Miller claimed that Wire One and Flotron promised himemployment opportunity benefits with no intention to perform atthe time they were offered and agreed. Specifically, Millerargues that when he negotiated his employment contract with WireOne he bargained for an absolute promise of serving as Wire One'sSenior Vice President of Integration Services for two years,subject to right of either party to terminate the agreementduring the seventh month.
 {¶ 19} Evidence Miller offered shows that Wire One offeredMiller's position of Senior Vice President to another personwithin six days after his employment began. Miller argues that hetherefore had no real employment opportunity to be Senior VicePresident for six months, let alone the twenty-four month period.Miller contends that the court improperly applied the parolevidence rule to reject the evidence that his job was offered toanother.
 {¶ 20} Fraud in the inducement to enter into a writtencontract may be proved by parol evidence, and circumstantialevidence of that kind is sufficient to prove fraud. See, e.g.,Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78; Sparhawk v. Gorham (1957), 101 Ohio App. 362.However, the parol evidence rule was not the source of Miller'sdifficulties before the trial court.
 {¶ 21} Fraud cannot be proved by showing that the inducementto enter into an agreement was an oral promise within the scopeof an integrated written agreement which the promisor andpromisee did not ultimately include in the written agreement.Busler v. D H Mfg., Inc. (1992), 81 Ohio App.3d 385. Further,where the terms of the writing directly and expressly contradictthe promise which allegedly operated as an inducement, a claim offraud cannot lie. Ed Schory Sons Inc. v. Society Natl. Bank,75 Ohio St.3d 433, 1996-Ohio-194. Thus, if there is a binding andintegrated agreement, evidence of prior or contemporaneousrepresentations is inadmissible to contradict the unambiguous,express terms of the writing. Busler, supra.
 {¶ 22} Also, where the nature of a fraud is alleged falserepresentations of intent to perform a contract, there must be abreach of the contract itself in order for the falserepresentations to be actionable. Estate of Fine v. Home InsCo. (Feb 21, 1992), Lucas County App. No. L-91-111. Here, thetrial court found no such breach, and Miller did not appeal fromthat judgment.
 {¶ 23} Miller relies on Galmish v. Cicchini (2000),90 Ohio St.3d 22. In Galmish, parties entered into a contract for thesale of an office building. Pursuant to a clause in the writtenagreement, the buyer promised to pay the seller one-half of allproceeds in excess of $765,000 if the property was conveyed todevelopers within one year. The property was not conveyed withinone year and the seller sued the buyer for breach of contract andfraud, arguing that the buyer had intentionally prevented theresale of the property in order to foreclose the seller's rightto one-half of the proceeds.
 {¶ 24} The issue in Galmish was whether parol evidence wasadmissible to prove the breach of contract claim when the writtencontract imposed no affirmative duty on the defendant to sell theproperty within the one year. The court found that the parolevidence rule did not bar evidence of the breach of contractclaim. The court emphasized that the seller's claims "do not seekto contradict or vary the terms of the written agreement. Infact, they do not rest on any prior agreements or promises atall. * * * To the contrary, [the seller's] claims fully admit,and indeed rely upon, the fact that [the buyer's] promise tosplit the excess proceeds is, as stated in the written agreement,entirely conditional upon the sale of the property to Developerswithin one year." Id., at pp. 30-31. The court stated that theproffered parol evidence was offered to show that the buyer"intended from the outset to prevent the fulfillment of thecondition that would invoke his contractual promise to share theexcess proceeds," and that the evidence was therefore not barredby the parol evidence rule. Id. at p. 31.
 {¶ 25} In Galmish, the express promise to pay a commissionwas conditioned on an implied promise to make reasonable effortsto sell the property within the time provided. Here, there was noimplied oral promise on which the express written promise wasconditioned, and the express promise by its terms foreclosed theprior implied promise alleged. Paragraph 5 of the employmentagreement states: "You acknowledge and agree that nothingcontained herein shall require the Company to utilize yourservices, the Company's only obligation to you being the paymentof the compensation to which you are eligible under paragraph 2above."
 {¶ 26} There was substantial, circumstantial evidence thatWire One harbored an intention to exercise its option toterminate Miller pursuant to the written agreement when theparties entered into it. However, the unambiguous, express termsof the employment contract addressed the actual opportunityMiller understood he obtained by signing the employment contract.At trial, Miller, an attorney who has practiced merger,acquisition and contractual law in Ohio for six years, testifiedthat he negotiated the terms of the employment agreement himself.(Tr. 356). He also testified that he fully understood thecontract's integration clause. (Tr. 346).
 {¶ 27} Although Wire One stopped utilizing Miller's servicesshortly after the employment agreement was signed, Wire One wasauthorized by the contract to do just that. Further, Wire Oneabided by the employment contract and continued paying Miller hissalary in accordance with the contract. There was no breach.
 {¶ 28} We cannot find the trial court erred in granting WireOne's motion for directed verdict on Miller's claim forfraudulent inducement.
 {¶ 29} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 30} "The trial court erred in granting a motion fordirected verdict on appellant's claim of tortious interferencewith a business expectancy"
 {¶ 31} To establish a claim for tortious interference with abusiness relationship, a plaintiff must prove that: (1) abusiness relationship with a third party existed; (2) the allegedwrongdoer had knowledge of the relationship; (3) the allegedwrongdoer intentionally interfered with that relationship causinga breach or termination of the relationship; and (4) theplaintiff suffered damages resulting therefrom. Wolf v.McCullough-Hyde Mem. Hosp. (1990), 67 Ohio App.3d 349. "Thebasic principle of a `tortious interference' action is that one,who without privilege, induces or purposely causes a third partyto discontinue a business relationship with another is liable tothe other for the harm caused thereby." Id. at 355.
 {¶ 32} Ohio does not recognize a claim for tortiousinterference made against an employee's supervisor where the actcomplained of is within the scope of employment. Anderson v.Minter (1972), 32 Ohio St.2d 207.
 {¶ 33} Miller argues that Flotron tortiously interfered withthe business relationship between Miller and Wire One. Ingranting Wire One's motion for a directed verdict, the trialcourt found that Flotron was not liable because "he was at alltimes acting as an agent of the corporation within the scope ofhis position to make decisions on personnel maters." (Tr. 6).
 {¶ 34} We agree. There is no evidence that Flotron actedindependently of his role and duties as President and ChiefOperating Officer of Wire One. Therefore, Flotron was not a"third party" with whose dealings with Wire One Flotron mighttortiously interfere.
 {¶ 35} Miller's second assignment of error is overruled.
 {¶ 36} Having overruled Miller's three assignments of error,we will affirm the trial court's decision.
 Judgment affirmed.
 Brogan and Young, JJ., concur.