[Cite as *Riverview Health Inst., L.L.C. v. Kral*, 2012-Ohio-3502.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

RIVERVIEW HEALTH INSTITUTE, LLC :

    Plaintiff-Appellant/ :       C.A. CASE NO.   24931
    Cross-Appellee

                       :       T.C. NO.    11CV1805
v.
                       :      (Civil appeal from
DONALD J. KRAL, et al.                  Common Pleas Court)

    Defendants-Appellees :
    Cross-Appellants

                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   3rd   day of    August   , 2012.

. . . . . . . . . .

LEE C. FALKE, Atty. Reg. No. 0003922 and ADAM R. WEBBER, Atty. Reg. No. 0080900, 30 Wyoming Street, Dayton, Ohio 45409

and

KENNETH A. LAZARUS, 1025 Thomas Jefferson Street, N.W., Suite 110-G, Washington, D.C. 20007
    Attorneys for Plaintiff-Appellant/Cross-Appellee

GREGORY G. GUICE, Atty. Reg. No. 0076524, 1400 Midland Building, 101 Prospect Avenue West, Cleveland, Ohio 44115
    Attorney for Defendants-Appellees/Cross-Appellants Donald J. Kral and Elk & Elk Co., Ltd.

JAMES M. KELLEY, III, Atty. Reg. No. 0061990 and PHILLIP A. KURI, Atty. Reg. No. 00619910 and JOHN P. O'NEIL, Atty. Reg. No. 0067893, 6105 Parkland Blvd., Mayfield Heights, Ohio 44124

   Attorneys for Defendants-Appellees/Cross-Appellants Sally Clawson and Michael Clawson

     . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Riverview Health Institute ("RHI"), filed December 5, 2011, and the Notice of Cross-Appeal, filed December 15, 2011, by Sally Clawson, her son, Michael Clawson, the law firm of Elk & Elk Co., Ltd., and Attorney Donald Kral (collectively, "Defendants"). RHI and Defendants appeal from the November 7, 2011 "Decision, Entry and Order Granting Defendants' Motion to Dismiss and Denying Defendants' Motion for Sanctions." The Defendants' motion was filed in response to RHI's "Verified Complaint (Petition) for Order Requiring Pre-Filing Discovery [Rule 34(D)]" filed against Defendants and also Heartland of Springfield.

{¶ 2} In 2010, a judgment was entered against RHI as a result of a medical malpractice suit brought against multiple defendants on behalf of Sally Clawson. *Clawson v. Rothstein et. al* (Nov. 3, 2009), Montgomery C.P. No. 2007-CV-10081. Attached to the complaint therein was Sally's General Durable Power of Attorney ("GDPA"), dated March 23, 2007, appointing Michael as her "Agent" or "Attorney in Fact." In its petition to obtain discovery, RHI asserted that the judgment obtained against it "was based upon the representation that Mr. Clawson was lawfully empowered to bring suit on behalf of Ms. Clawson, in accordance with" the GDPA. RHI further asserted that the GDPA was witnessed by Sally's "apparent

neighbor, Patricia Shelton, and two close friends, Crystal and Jack Shane," and that they "indicate in the document that Ms. Clawson signed the document as her 'free act and deed,' and that they witnessed her signature 'at the request  and in the presence of [Ms. Clawson.]'"  The petition stated that the GDPA is notarized by  Kral of Elk & Elk, "indicating that Ms. Clawson acknowledged the document in his presence."

{¶ 3}     The petition further states that in the course of the malpractice action, Michael testified that Sally "incurred an anoxic brain injury on March 2, 2007, some 21 days prior to her alleged execution of the [GDPA].  Mr. Clawson further testified that as a result of Ms. Clawson's brain injury, she experienced catastrophic impairment of her mental faculties and her cognitive abilities were so reduced that she was 'unable to communicate in any coherent fashion.'"  The petition further provides that an expert in neurology testified on behalf of Sally that her injury "qualified as a 'global hypoxic event' that left her with 'no independent ability to make choices on her own.'" The petition stated that RHI's motion for directed verdict, in which it asserted that the GDPA is invalid because Sally lacked mental capacity to execute the document, was overruled.

{¶ 4}     The petition further states that the jury decided the matter "on October 16, 2009 and final judgment was entered against RHI on November 3, 2009.  A post-judgment settlement was entered into between the Clawsons and RHI on November 30, 2009."  According to the petition, RHI subsequently "enlisted the assistance of Gerald B. Richards of Richards Forensic Services, located in Laurel Maryland."  Richards, the petition states, is an "expert examiner of forged documents, and he is the former supervisor of the FBI's laboratory where signatures of questionable origin are examined for utilization by law enforcement agencies."  After comparing

a faxed copy of Sally's signature to another sample of her signature, the petition states that Richards' report was inconclusive "due to the fact that he had only one comparison signature and the limited quality of the two samples." The petition states that Richards "indicated informally that he thought the signature of Ms. Clawson that appeared on the [GDPA] might be a tracing." The petition states that Richards indicated in his written report that "'it may be possible to attain a more definitive answer,'" if he were provided with multiple original samples of Sally's signature.

{¶ 5} The petition sought an order authorizing RHI to obtain all of Sally's records during her stay at Heartland of Springfield, a residential nursing facility, where Sally resided at the time she appointed Michael as her attorney in fact, "including, but not limited to, those dates relevant to her alleged execution" of the GDPA. RHI further sought "multiple, roughly contemporaneous and original samples of Ms. Clawson's signature, as well as the original of the [GDPA] and the most current, original exemplars of her signature."

{¶ 6} The petition provides that RHI has "a potential cause(s) of action against Defendants/Respondents in the event it can be established that Ms. Clawson's signature was obtained fraudulently, rather than in accordance with law." The petition states that the doctrines of res judicata and collateral estoppel do not bar RHI's potential causes of action, "certainly at least with respect to" Kral and Elk & Elk, since they were not parties to the underlying litigation. The petition states that RHI made reasonable efforts to obtain the information it seeks from Defendants, to no avail. Finally, the petition states that "[p]re-filing discovery is necessary to identify all potential defendants and to better formulate [RHI's] potential fraud-based claims in a complaint."

{¶ 7}     After Defendants filed their "Combined Motion to Dismiss and for Sanctions," RHI opposed the motion and sought leave to amend its petition, should the court conclude that it does not meet the requirements of Civ.R. 12(B)(6) and Civ.R. 34(D).   Regarding its  request for leave to amend, RHI asserted that it "has recited circumstances that would lead almost anyone to conclude that great suspicion exists as to the propriety of the Clawson affidavit and to the possibility that one or more causes of action may exist with respect to one or more of the named Defendants.  Justice would seem to require that Plaintiff be entitled to conduct at least some limited pre-filing discovery with respect thereto."

{¶ 8}    Regarding dismissal of RHI's complaint, the trial court reviewed the language of Civ.R. 34(D) and noted that the rule was promulgated in response to the Ohio Supreme Court's interpretation of R.C. 2317.48, in *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 541 N.E.2d 1031 (1989).  The court further stated that the rule and the statute together govern discovery actions.

{¶ 9}    The trial court noted that discovery actions are to be used "'only to uncover facts necessary for pleading, not to gather proof to support a claim or to determine whether a cause of action exists.' (citation omitted)."   The court stated that "R.C. 2317.48 'occupies a small niche between an unacceptable "fishing expedition" and a short and plain statement of a complaint or defense filed pursuant to the Civil Rules.' (Citation omitted)."

{¶ 10}    The court reasoned as follows:

* * * Ohio Civ.R. 34(D)(3) requires that pre-filing discovery be used to ascertain the identity of a potential adverse party.  Further, although Plaintiff does not reference R.C. 2317.48, it is clear that this statute governs pre-filing discovery

along with Civ.R. 34(D). R.C. 2317.48 limits pre-filing discovery to uncover facts necessary for pleading, not to gather information to support claims. * * *.

This Court finds that Plaintiff's pre-filing discovery request goes beyond the scope of both Civ.R. 34(D)(3) and R.C. 2317.48. Plaintiff seeks to obtain documents with Ms. Clawson's signature, which goes beyond the parameters of Civ.R. 34(D)(3). This Court does not find that this relates to ascertaining information to discover a potentially adverse party. Further, Plaintiff seeks to obtain copies of documents that contain Ms. Clawson's signature to allow its expert to make a conclusion on whether the signatures are fraudulent. This goes beyond the scope of R.C. 2317.48 and into the realm of a fishing expedition. Plaintiff seeks pre-filing discovery to determine whether it has a cause of action, not to uncover facts necessary to pleading.

{¶ 11} Regarding Defendant's request for sanctions, the court, without analysis, indicated that it "is not inclined to grant Defendants' request." The court did not expressly address RHI's alternative motion to amend its complaint.

{¶ 12} RHI asserts two assignments of error. Its first assigned error is as follows:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS, THUS DENYING PLAINTIFF ANY OPPORTUNITY TO CONDUCT PRE-FILING DISCOVERY IN ACCORDANCE WITH OHIO CIV.R. 34(d).

A. The Trial Court Erred in Seeking to Apply R.C. § 2317.48 to the Facts of the Case.

B.  The Trial Court Erred in Concluding that Plaintiff's Complaint was Beyond the Scope of Rule 34(D)(3).

C.  Plaintiff's Complaint Presented an Entirely Appropriate Basis for Discovery of a  Potential Adverse Party.

{¶ 13}  In addition to discovery to ascertain the identity of a potential adverse party, RHI asserts that Civ.R. 34(D) entitles it  to "the obtainment of facts to determine if a party has a valid cause of action that he wishes to bring against a known adverse party."  RHI asserts, "[i]f the Clawsons or their counsel were complicit in improperly affixing a traced or forged signature to the power of attorney, they could be  properly named as defendants in a fraud-based cause of action."  RHI asserts that the heightened pleading standards set forth in Civ.R. 9 (A)(Capacity) and (B) (Fraud) "makes the requested discovery all the more necessary and appropriate."

{¶ 14}  The Defendants argue that RHI's petition is subject to dismissal because it does not allege sufficient facts and is based on speculation, in reliance upon *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).  Defendants also maintain that any potential causes action against them are barred by the doctrine of res judicata, and that Ohio law disfavors collateral attacks on judgments.  Defendants further assert that RHI's petition makes clear that it knows the identity of all parties involved in the execution of the GDPA, and that it is merely seeking to prove its fraud claim prior to initiating the action. Defendants assert that RHI's requested discovery exceeds that permitted by Ohio law, and that the dismissal of the petition did not prejudice RHI, since it does not prevent RHI from initiating suit on the merits.  Finally, RHI asserts that Sally's "right to maintain the privacy of her personal medical records should prevail over [RHI's] attempt to fish" for evidence of forgery.

**{¶ 15}** Civ.R. 12(B)(6) allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." We review the trial court's dismissal of a Civ.R. 34(D) petition for pre-suit discovery on a de novo basis. *Cruz v. Kettering Health Network*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 22.

**{¶ 16}** R.C. 2317.48 provides:

When a person claiming to have a cause of action or defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss is filed under the Civil Rules, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.

**{¶ 17}** Civ.R. 34(D) provides:

(1) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom

the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:

(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;

(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;

(c) A statement or description of the information sought to be discovered with reasonable particularity;

(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;

(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.

(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, by one of the methods provided in these rules for service of summons.

(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery **if the court finds all of the following**:

(a) The discovery is necessary to ascertain the identity of a potential adverse party;

(b) The petitioner is otherwise unable to bring the contemplated action;

(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. (Emphasis added).

{¶ 18}   RHI's petition was expressly filed pursuant to Civ.R. 34(D), and an "action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer * * * ."  *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 127, 541 N.E.2d 1031 (1989).   Further, the "interrogatories are to be limited and directed toward only those facts necessary to draft a complaint or an answer in a subsequent lawsuit and are not to extend to discovery of the manner in which the opposition party, whether plaintiff or defendant to the contemplated   lawsuit, intends to establish his case or to evidence which relates exclusively to his case."  *Id.*   The *Poulos* Court noted that the form of action authorized by R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." *Id.*   RHI's petition does not seek answers to interrogatories but seeks an order for the production of documents, and therefore, R.C. 2317.48 is not at issue herein.

{¶ 19}   Regarding Civ.R. 34(D), we note that it "was promulgated in 1994 specifically in response to [the] Ohio Supreme Court's interpretation of R.C. 2317.48 in [*Poulos*]."  *Benner v. Walker Ambulance Co.*, 118 Ohio App.3d 341, 343, 692 N.E.2d 1053 (6th Dist. 1997).   The 1993 Staff Notes to the Rule provide as follows:

Division (D), to some extent, expands the concept of pre-suit discovery codified in section 2317 of the Revised Code.   In [*Poulos*], that section was construed to limit its applicability to the submission of written interrogatories to

persons who would become defendants in the underlying action. The amendment, however, permits the inspection and copying of documents and other tangible items, and entry onto premises for inspection of property in the possession or control of a person who may not be named as a defendant in the action for damages.

{¶ 20} The 1993 Staff Notes set forth the following example of the proper application of the Rule as follows:

* * * [T]he amended rule could be of particular benefit in an industrial accident case where the potentially liable party may be known to the injured worker's employer, but the employer may not be subject to suit. Prior to the amendment, the injured worker would have had the right to name the employer as a defendant and initiate discovery to identify the manufacturer of the machine that allegedly caused the employee's injury. Once the manufacturer was identified, the employer would be dismissed as a defendant. However, unless the injury was intentional, the employer may be immune from suit, and the plaintiff's attorney could be subject to a sanction under Civ.R. 11 or R.C. 2323.51.

Under the amendment, the injured worker in the example noted above could file a petition for discovery that, if granted, would authorize the worker's attorney to inspect and copy documents that would identify the manufacturer of the injury-causing machine or permit inspection of the employer's plant to identify the manufacturer. Once this information is obtained, the employer would not have to be named as a defendant in the action for damages. The amended rule

thus promotes efficiency, avoids the joining of unnecessary defendants and reduces the time and expense of identifying those parties who may ultimately be liable for damages.

**{¶ 21}** This Court recently concluded that the "1993 staff note indicates that pre-suit discovery under Civ.R. 34(D) was intended to be directed at a non-party who may know the identity of a potential adverse party. The rule enables a plaintiff to obtain identifying information from a non-party without the need to join the non-party as a defendant." *Cruz v. Kettering Health Network*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 29. This Court further noted in *Cruz* the existence of authority, namely *Benner* and *Riverview Health Institute v. Aetna, Inc.* (July 29, 2010), Montgomery C.P. No. 2010 CV 02306, holding that "one purpose of Civ.R. 34(D) is to allow pre-suit discovery of facts to determine the viability of a cause of action against a known defendant." *Id.*, ¶ 31. This Court concluded to the contrary and found that "the rule itself explicitly and unambiguously limits pre-suit discovery to the information 'necessary to ascertain the identity of a potential adverse party[.]'" *Id.*, ¶ 32.

**{¶ 22}** RHI's petition is directed at Sally, Michael, Kral, Elk & Elk, and Heartland of Springfield, all known, potential defendants in RHI's potential cause of action for fraud, and the petition makes clear that RHI is aware of all parties involved in the execution of the GDPA. RHI's petition indicates that it suspects that Sally's signature on the GDPA may have been forged, and it seeks, from the above known parties, "multiple original samples" of her signature for purposes of comparison, by a forgery expert, as well as "all of Heartland's records covering [Sally's] stay at the facility." It is clear that "Civ.R. 34(D) provides a remedy for a party that is different than discovery needed to support or defend a separate cause of action." *Cruz*, ¶ 36

(Froelich, J., dissenting).   We agree with the trial court that RHI's petition exceeds the scope of Civ.R. 34(D), since it is not directed at any non-parties who may know the identity of a potential adverse party, but rather seeks to obtain evidence to plead  fraud with particularity, in accordance with Civ.R. 9, and to support its potential fraud action.   This conclusion is supported by the language in RHI's motion for leave to amend, in which it asserted that potential causes of action "may exist with respect to one or more of the *named* Defendants."   We further note that RHI in its Reply brief identifies its potential adverse parties as Elk & Elk, Kral, and Michael Clawson.   Since RHI's petition failed to demonstrate that discovery is necessary to ascertain the identity of a potential adverse party, its first assigned error is overruled.

{¶ 23}   RHI's second assigned error is as follows:

IN THE CIRCUMSTANCES PRESENTED, THE TRIAL COURT ERRED BY DENYING PLAINTIFF AN OPPORTUNITY TO AMEND ITS COMPLAINT IN ACCORDANCE WITH CIV.R. 15(A).

{¶ 24}   Civ.R. 15(A) governs the amendment of pleadings and provides that "[l]eave of court shall be freely given when justice so requires."   "[W]hen passing on the sufficiency of a pleading, facts alleged must be assumed to be true. * * * Further, a pleading need only set out a short and plain statement of operative facts showing that the petitioner is entitled to relief. Civ.R. 8(A)." *Miller v. Wire One Technologies*, *Inc.*, 2d Dist. Montgomery No. 19876, 2004-Ohio-2038, ¶ 13.  A "court does not abuse its discretion by denying the motion 'where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded.' " *Id.*

{¶ 25}   As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 26} RHI has not identified any amendment that would cure the defect set forth above, namely that obtaining the pre-suit discovery it seeks is not necessary for it to determine the identity of a potential adverse party. Thus, amending the petition would be futile. Accordingly, the trial court did not abuse its discretion in denying leave to amend.

{¶ 27} There being no merit to RHI's assigned errors, the judgment of the trial court sustaining Defendants' motion to dismiss RHI's petition and denying RHI leave to amend its petition is affirmed.

{¶ 28} We will next address Defendants' cross-appeal. Defendants assert one assigned error as follows:

THE TRIAL COURT ERRED IN FAILING TO GRANT SANCTIONS WHERE APPELLANT'S DISCOVERY ACTION WAS FRIVOLOUS ON ITS FACE.

A. Sanctions are Appropriate Because the Petitioner's Discovery Action is Frivolous on its Face.

B. The Appellant's Action is Frivolous Because all Issues Related to the Capacity of Michael Clawson to Bring an Action in Reliance on the Power of Attorney have been Resolved.

C. RHI Entered into a Settlement Agreement in the Underlying Malpractice Action in Bad Faith.

{¶ 29} RHI responds that if we conclude that the trial court abused its discretion in denying sanctions, we must remand the matter for an evidentiary hearing. RHI further asserts that a motion for sanctions cannot be brought against a Civ.R. 34(D) petition, pursuant to R.C. 2323.51, because R.C. 2323.51 prohibits frivolous conduct in civil actions, and a Civ.R. 34(D) petition does not commence a civil action. RHI acknowledges that a "Civ.R. 34(D) petition filed with the intent to defeat the purpose of Civ.R. 11 might expose a filer to sanctions." RHI asserts that its petition is not frivolous or based on mere suspicions.

{¶ 30} Defendants sought sanctions pursuant to R.C. 2323.51(B)(1), which provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal."

{¶ 31} R.C. 2323.51(A)(1) defines "conduct" as follows:

(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including but not limited to, a motion or paper filed for discovery purposes, or the taking of any

other action in connection with a civil action;

{¶ 32} R.C. 2323.51(A)(2) defines "frivolous conduct" in relevant part as either of the following:

(a) Conduct of an inmate or other party to a civil action * * * that satisfies any of the following:

(i) It obviously serves to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual allegations that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 33} Regarding the appropriate standard of review, we have previously made the following distinction. "'The question of whether a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate

court; therefore, we will review this question *de novo*, without deference to the trial court's decision.'" *National Check Bureau, Inc. v. Patel,* 2d Dist. Montgomery App. No. 21051, 2005-Ohio-6679, ¶ 10 (citation omitted). In contrast, if there is no disputed issue of law and the question is factual, we apply an abuse of discretion standard of review. *Id., ¶* 11. We have further noted that the statute, by its terms, "'does not mandate that an evidentiary hearing shall be held whenever a motion for fees is made, but only states that an evidentiary hearing is a necessary precondition to awarding fees.' * * * ." *Lofino Properties, L.L.C. v. Wal Mart Stores, Inc.,* 2d Dist. Greene No. 2003 CA 57, 2004-Ohio-458, ¶ 29.

{¶ 34} The trial court's decision contains no analysis of the Defendants' motion for sanctions. Since there is no disputed issue of law herein with respect to sanctions, we apply an abuse of discretion standard of review. We note that the trial court is in the best position to appraise the conduct of the parties, and "an appellate court must defer to the trial court's ruling on a motion for sanctions." *First Place Bank v. Stamper*, 8th Dist. Cuyahoga No. 80259, 2002-Ohio-3109, ¶ 17.

{¶ 35} We note that the authorities to which Defendants direct our attention do not involve motions for pre-suit discovery. *See Rossman & Co. v. Donaldson*, 10th Dist. Franklin Nos. 94APE03-388,389 and 94APE05-695, 1994 WL 694985 (Dec. 6, 1994); *Crooks v. Consolidated Stores Corp.*, 10th Dist. Franklin No. 98AP-83, 1999 WL 52981 (Feb. 4, 1999). Research has produced no case law in which sanctions were awarded pursuant to R.C. 2323.51 in the context of a motion for Civ.R.34(D) discovery.

{¶ 36} We find the 1993 Staff Notes instructive regarding the underlying purpose of Civ.R. 34(D), which allows a person who claims to have a potential cause of action to seek

pre-suit discovery of the identity of an unknown adverse party, in order to avoid risk of sanctions under R.C. 2323.51 (or Civ.R. 11) for filing a cause of action against someone not subject to suit. Before granting the petition, the trial court must determine both that the discovery is *"necessary to ascertain the identity of a potential adverse party,"* and that the petitioner is *"otherwise unable to bring the contemplated action"* before granting the petition. Civ.R. 34(D)(3)(a) and (b). (Emphasis added). According to the 1993 Staff Notes, "the petitioner must satisfy the court that the requested discovery is essential to the petitioner's ability to initiate an action for damages. These factors should eliminate any potential for this procedure being abused."

{¶ 37} This Court has previously noted "that the frivolous conduct implicated by R.C. 2323.51(A)(2)(ii) involves proceeding on a legal theory which is wholly unwarranted in law." *State Auto Mutual Ins. Co. v. Tatone*, 2d. Dist. Montgomery No. 21753, 2007-Ohio-4726, ¶ 8. We note that there is scant case law interpreting the scope of Civ.R. 34(D), and *Cruz*, which declined to follow certain authority holding that Civ.R. 34(D) allows "pre-suit discovery of facts to determine the viability of a cause of action against a known defendant," was decided after Defendants filed their petition. *Cruz*, ¶ 31. Since we defer to the trial court's ruling on a motion for sanctions, given that the court is in the best position to gauge the conduct of the parties, we cannot conclude that the trial court abused its discretion in denying Defendants' motion for sanctions. Defendants' assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J., concurs.

FROELICH, J., concurring in judgment:

{¶ 38}    In *Cruz*, this court held that Civ.R. 34(D) is limited to pre-suit discovery needed to ascertain the identity of a potential adverse party.   *Cruz*, supra, ¶32.   My dissent was based on a disagreement with the trial court's finding that, as a matter of law, Cruz failed to demonstrate that he was seeking the identity of a potential adverse party.   Id. ¶¶37, 38.

{¶ 39}    The difference in Appellant's case is that the tort (a potentially fraudulent power-of-attorney) and the potential adverse parties were known before trial, during trial, and after trial before the settlement.   The defendant on the malpractice case (the Appellant herein) filed a motion for a directed verdict, a motion for judgment not withstanding the verdict, and a motion for a new trial all raising the issue that there was "no valid party plaintiff" and that the "plaintiff lacks the capacity to bring this action."   The defendant in the underlying case did not appeal any of the rulings against it or file a Civ.R. 60(B) motion, but rather proceeded to settle the case with the plaintiff who was acting through the attorney-in-fact (under the durable power of attorney) who it now says may be a potential defendant for acting fraudulently in bringing the original malpractice case.

{¶ 40}    If the Appellant did not have any grounds to question the power of attorney until after the settlement, this might present different legal issues.   See, e.g., *Berry et al. v. Javitch, Block, & Rathbone LLP*, 127 Ohio St.3d 480, 2010-Ohio-5772, 940 N.E.2d 1265.   But these are not the facts.

. . . . . . . . . .

Copies mailed to:

Lee C. Falke
Adam R. Webber

Kenneth A. Lazarus
Gregory G. Guice
James M. Kelley, III
Phillip A. Kuri
John P. O'Neil
Susan D. Solle
Thomas W. Hess
Hon. Dennis J. Adkins