[Cite as *Allen v. Milligan*, 2023-Ohio-917.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

ELIZABETH ALLEN ET AL.,

Plaintiff-Appellees,

v.

ELIZA GLOVER MILLIGAN ET AL.,

Defendants

and

CHESTER R. KEMP, TRUSTEE OF THE
CHESTER R. KEMP TRUST U/A DATED
APRIL 16, 2008 ET AL.,

Intervening Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 BE 0017

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Belmont County, Ohio
Case No. 20 CV 374

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Nils Peter Johnson*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, Ohio 44406 for Plaintiffs-Appellees and

*Atty. Michael P. McCormick, Atty. Kyle W. Bickford, Atty. Erik A. Schramm, Jr.*, Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, 46457 National Road West, St. Clairsville, Ohio 43950 for Intervening Defendants-Appellants.

Dated:  March 22, 2023

**Hanni, J.**

{¶1}   Intervening Defendants-Appellants Chester R. Kemp, Trustee of the Chester R. Kemp Trust Agreement U/A dated April 16, 2008, Irma M. Kemp, as Trustee of the Irma M. Kemp Trust Agreement U/A dated April 16, 2008, Scott Moore, Debbie Moore, Dale T. Bonnett II, and Christina M. Bonnett (collectively Appellants) appeal the March 28, 2022 Corrected Judgment Entry of the Belmont County Probate Court denying their post-judgment motion for sanctions based on frivolous conduct.

{¶2}   On October 6, 2020, Appellees Elizabeth Allen, Paula Milligan, and Jacqueline Milligan (Appellees) filed a complaint in the Belmont County Probate Court concerning the ownership of oil and gas interests located in Goshen Township, Belmont County.  They alleged that they were the only surviving lineal descendants of the grandparents of Thomas McNiece, who died intestate seized of a one-half oil and gas interest under 144 acres of property previously owned by his father, James McNiece, who died intestate in Belmont County, Ohio, while seized of that interest.

{¶3}   Appellees set forth the intestacy laws and accompanying lineages establishing that they were the great-great-grandchildren of Thomas McNiece's maternal grandparents and the only surviving lineal descendants of Thomas McNiece.  They outlined the steps taken to discover information relating to 52 defendants who may also be lineal descendants.  Appellees stated that they found no addresses for lineal descendants of Thomas McNiece's maternal or paternal grandparents.  They requested that the probate court declare under R.C. 2105.06(I) that they were the only surviving lineal descendants of Thomas McNiece's grandparents and they were therefore vested in the oil and gas interest seized by Thomas McNiece.

{¶4}   Appellees filed a motion to serve the defendants by publication because they were unable to locate current addresses, except for a couple where certified notice

Case No. 22 BE 0017

came back "return to sender."  Appellees directed that the notice instructions include the statement that the object of their complaint was to "obtain court declaration of the ownership of certain oil and gas interests to the following three described properties," which were located under the property owned by Appellants.

{¶5}   On December 10, 2020, Appellants filed a motion to intervene in the probate case.  They asserted that they were the surface owners of the property listed in the notice and they already owned the oil and gas under the property pursuant to R.C. 5301.56, Ohio's Dormant Mineral Act (DMA).

{¶6}   Appellants stated that they were the heirs of James and Martha McNeice, (not McNiece as Appellees identified), and Appellees failed to identify them or their lessees of those interests in the complaint.  They attached the affidavit of their counsel, who attested that he represented them in obtaining ownership of the oil and gas estate kept by James and Martha A. McNeice pursuant to the DMA.  They also attached a copy of the official record showing a November 2, 2012 recording date indicating that the mineral interest was abandoned and the grantees were Appellants.  They included a copy of the affidavit of abandonment and publication notice, as well as a copy of the memorandum of lease of the oil and gas interests to Rice Drilling.

{¶7}   On December 10, 2020, Appellants also filed a motion to dismiss Appellees' complaint based on lack of jurisdiction, insufficient process, failure to state a claim upon which relief could be granted, and failure to join a party.  Alternatively, Appellants moved for summary judgment.

{¶8}   Appellees responded, indicating that they were currently engaged in a lawsuit with Appellants in the Belmont County Common Pleas Court General Division (*Kemp Trust of the Chester R. Kemp Trust U/A 4/16/08, Chester R. Kemp v. Johnson, Trustee of Mattie McNiece Trust*, Case Number 2020-CV-314) concerning title to the oil and gas interests.  They asserted that Appellants lacked standing in the probate court case because they were not parties to that case.  They also submitted that the probate court lacked subject matter jurisdiction to consider the legitimacy of Appellants' documents concerning title to the oil and gas interests under the DMA.

{¶9}   On January 21, 2021, the Belmont County Probate Court granted Appellants' motion to intervene, finding that it was not determining the issue of the DMA,

but Appellants set forth a bona fide claim to the oil and gas interests in order to intervene in the case before it. (Jan. 22, 2021 J.E.). The court recognized Appellants' motion to dismiss as a filed pleading.

{¶10} On April 8, 2021, the probate court issued a judgment entry stating that it held a status conference and reviewed the pending litigation between the parties in Belmont County Common Pleas Court Case Number 20-CV-314 concerning the oil and gas interests seized by Thomas McNiece, and another case filed in Belmont County Probate Case Number 31 ES 27755, *Estate of Mattie A. McNiece*.[1]

{¶11} The probate court explained that it granted Appellants' motion to intervene because they established a bona fide ownership claim in the oil and gas interest. The court noted that Appellees claimed ownership through heirship and Appellants claimed that Appellees' ownership abandoned into them under the DMA. The probate court cited case law holding that it was inappropriate to resolve disputed facts in a declaratory judgment action when those facts were also pending in another action.

{¶12} Accordingly, the probate court concluded that the declarations sought by Appellees depended on resolution of the facts in the case before the general division and therefore it was staying its case until the general division made a decision in its case. The probate court cited judicial economy and its inherent power to control its docket, noting that ownership of the contested oil and gas interest was squarely at issue in the case pending in the general division case.

{¶13} On November 4, 2021, Appellees filed a notice of voluntary dismissal of its action without prejudice in the probate court. The probate court dismissed the case.

{¶14} On December 6, 2021, Appellants filed a motion for sanctions under R.C. 2323.51 based on frivolous conduct. They asserted that Appellees clearly ignored R.C.

---

[1] Appellants note that Appellees' counsel moved to reopen the estate in that case to include oil and gas interests that were not included in the estate's prior administration. They submit that the probate court reopened the estate on December 30, 2019 to administer "newly discovered oil and gas rights," appoint counsel for Appellees, and approve a certificate to transfer one-fourth of the oil and gas interest to counsel as successor trustee. Appellants assert that Appellees' counsel moved to be appointed Administrator De Bonis Non and Successor Trustee in that case, stating that the decedent "owned a one-half interest in one-half of the oil and gas rights underlying approximately one hundred forty-four acres in Goshen Township." Appellants contend that Appellees' counsel informed the probate court that he sought a declaratory judgment asking the court to identify those to whom the oil and gas rights owned by the decedent should transfer. Appellants point out that the oil and gas rights referred to by counsel in the *Estate of Mattie McNiece* case are those in the instant case.

5301.56(H)(2)(c) by filing the complaint in probate court and requesting the court to quiet title to oil and gas rights under the guise of an heirship when that court lacked jurisdiction to quiet title. Appellants contended that Appellees also failed to notify them of the probate proceedings, even though Appellees had notice of Appellants' DMA efforts. Appellants further asserted that under the DMA, the record of the McNiece Exception could not be used as evidence in the probate case or in any court on behalf of former holders or their heirs.

{¶15} In addition, Appellants contended that Appellees' probate complaint clearly ignored declaratory judgment law, which required the naming of all persons who may have an interest that would be affected by the declaration. They explained that they had to file a motion to intervene in order to protect their rights when Appellees should have identified them in the complaint.

{¶16} Appellants also asserted that Martha A. McNeice had only a dower interest in the oil and gas interest, so the dower interest in the McNiece Exception was extinguished. They submitted that Appellees knew of Thomas McNiece's estate in Cuyahoga County when they filed their complaint, but ignored it. Appellants requested sanctions for having to defend their oil and gas interests based upon claims that Appellees knew were meritless.

{¶17} Appellees responded, asserting that the probate court should award them attorney fees for having to respond to the motion for sanctions because it lacked such factual and legal support that it was filed merely to harass them. Appellees asserted that Appellants failed to properly follow DMA procedures and therefore the oil and gas interests did not abandon in them. Appellees also noted that Appellants knew that Martha (Mattie) McNiece died testate in Belmont County and her estate, filed in Belmont County Probate Case Number 27755, identified four devisees with their addresses. Appellees noted that Appellants had notice of Mattie McNiece's will, which also contained the devisees' names and addresses.

{¶18} Appellees further asserted that Appellants knew that Thomas McNiece resided in Cuyahoga County and they should have had notice of his estate, which was filed in the Cuyahoga County Probate Court under Case Number 513476 and identified four heirs by name with their addresses. Appellees noted that Appellants did not attempt

Case No. 22 BE 0017

to serve these individuals with notice. Appellees asserted that Appellants sought to conceal their service mistake by alleging a misspelling of the "McNiece" name, even though their affidavits of abandonment contained the correct spelling. Appellees further asserted that Martha McNiece possessed more than a dower right.

{¶19} A day before a hearing on the motion for sanctions, Appellants filed a motion to stay the probate court decision and case. The court held a proceeding on February 23, 2022 and received arguments concerning the motion to stay and the allegations of frivolous conduct.

{¶20} In its March 17, 2022 judgment entry, the probate court held that there was clearly a justiciable controversy between the parties and they did not advance claims or defenses for improper purposes, to needlessly increase costs, or to cause unnecessary delay. The probate court found that the central issue in the case was the ownership of the disputed oil and gas interests which would be resolved in the General Division case that was pending. The probate court held that:

> If the proceedings in the General Division determine that the intervening defendants own the property by operation of the Dormant Minerals Act, O.R.C. § 5301.56, then the relief that the intervening defendants are requesting in these proceedings should be granted. If it is determined that the plaintiffs own the disputed oil and gas interests, then there is no need for the Court to undue [sic] what has occurred. Regardless, the Court does not believe that either party has engaged in frivolous conduct of the nature and as defined by the subject statute.

(Mar. 17, 2022 J.E.). The probate court denied Appellants' motion for frivolous conduct and denied Appellees' request for fees as well. The court also denied Appellants' motion to stay the case, but continued the stay order it had previously issued.

{¶21} The probate court issued a corrected judgment entry on March 28, 2022, which clarified that Appellees had voluntarily dismissed the probate court case, so the continuance it referred to concerned the staying of the *Estate of Mattie McNiece* case until the general division case was resolved.

**{¶22}** Appellants filed a notice of appeal of the trial court's decision denying their motion for frivolous conduct.

**{¶23}** In their two assignments of error, Appellants assert:

**THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE COMPLAINT FILED IN THIS MATTER WAS FRIVOLOUS UNDER R.C. 2323.51 AND IT SHOULD HAVE SET A HEARING TO DETERMINE THE APPROPRIATE SANCTIONS.**

**THE TRIAL COURT ERRED IN FAILING TO FIND THE COMPLAINT FILED IN THIS MATTER WAS FRIVOLOUS BECAUSE THE COMPLAINT WAS NOT WARRANTED UNDER THE EXISTING LAW OF THE DORMANT MINERALS ACT, R.C. 5301.56 AND THE DECLARATORY JUDGMENT STATUTE OF R.C. 2721.12.**

**{¶24}** Appellants assert that this Court's standard of review of a trial court's denial of sanctions under R.C. 2323.51 is abuse of discretion, while the standard for reviewing whether a pleading is warranted under law is de novo. They assert that the instant case concerned the transfer of abandoned oil and gas interests and not heirship, intestacy, or an estate.

**{¶25}** Appellants submit that this appeal is a repeat of our decision in *NBRT Properties, Inc. v. ATFH Real Prop., L.L.C.*, 7th Dist. Mahoning No. 17 MA 0136, 2018-Ohio-4724, and we should deem Appellants' complaint frivolous because the claims were barred by the DMA and the Declaratory Judgment statute, R.C. 2721.12. Appellants contend that the probate complaint was an attempt to "undo" the DMA abandonment of the McNiece interest to them by using the probate court, even though that court lacked personal and subject matter jurisdiction. Appellants cite Appellees' prayer for relief in the probate court complaint, which requested a declaration that the oil and gas interests vest in them. Appellants contend that Appellees filed their complaint in the wrong forum and intentionally filed without joining all interested parties.

**{¶26}** Appellants also request reversal of the probate court's decision under R.C. 5301.56, which states that the record of a mineral interest cannot be received as evidence in any court regarding the land if it contains a marginal reference. They reason that since

R.C. 5301.56(H)(2) bars any court from receiving the McNiece severance into evidence, there is no evidence for the probate court to have received. Appellants further assert that Appellees' complaint ignored the plain and unambiguous language of the declaratory judgment statute, R.C. 2721.12, because it failed to name the surface and mineral owners of the relevant mineral interest in the complaint.

{¶27} We find that Appellants' assignments of error are without merit. R.C. 2323.51 addresses the award of attorney fees as sanctions for frivolous conduct. It provides in relevant part:

(A) As used in this section:

* * *

(2) "Frivolous conduct" means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i)     It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii)    It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii)   The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv)    The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

Case No. 22 BE 0017

**{¶28}** When reviewing trial court rulings based on R.C. 2323.51, the standard of appellate review varies depending "upon the basis for the trial court's decision." *Henderson v. Haverfield,* 7th Dist. Harrison No. 21 HA 0005, 2022-Ohio-2194, ¶ 45, quoting *Harris v. Rossi,* 11th Dist. No. 2017-T-0045, 2018-Ohio-4573, 123 N.E.3d 284, ¶ 75. In order to determine the proper standard of review, we must consider "'whether the trial court's determination resulted from factual findings or a legal analysis.'" *Ohio Edison Co. v. Cubick,* 7th Dist. Mahoning No. 20 MA 0029, 2020-Ohio-7027, ¶ 20, quoting *Breen v. Total Quality Logistics,* 10th Dist. Franklin No. 16AP-3, 2017-Ohio-439, 2017 WL 496497, ¶ 11. A de novo review applies to legal determinations, such as what constitutes frivolous conduct or whether a claim is warranted under existing law. *Cubick, supra* at ¶ 20, citing *U.S. Bank Tr., N.A. v. Watson,* 3d Dist. Paulding No. 11-19-09, 2020-Ohio-3412, 2020 WL 3409891, ¶ 64 (citing *Natl. Check Bur. v. Patel,* 2d Dist. Montgomery No. 21051, 2005-Ohio-6679, 2005 WL 3454694, ¶ 10). We apply an abuse of discretion standard when there are no disputed issues of law and the question is purely factual. *Cubick, supra* at ¶ 20, citing *Watson,* 2020-Ohio-3412 at ¶ 64 (citing *Riverview Health Inst., L.L.C. v. Kral,* 8th Dist. Cuyahoga No. 24931, 2012-Ohio-3502, 2012 WL 3140292, ¶ 33). We also apply an abuse of discretion standard of review to the trial court's ultimate decision on whether to award sanctions under R.C. 2323.51. *Cubick, supra* at ¶ 20, citing *Watson* at ¶ 64 (citation omitted).

**{¶29}** The determination of what constitutes frivolous conduct under R.C. 2323.51 is viewed objectively, not subjectively. *Cubick, supra* at ¶ 21, citing *Olenchick v. Scramling,* 11th Dist. Lake No. 2020-L-014, 2020-Ohio-4110, 2020 WL 4747487, ¶ 46. It involves egregious conduct and not merely prevailing on the legal merits. *Id.* The statute is designed to "chill egregious, overzealous, unjustifiable, and frivolous action." *Id.* However, the statute must be carefully applied so that "legitimate claims are not chilled." *Cubick, supra* at ¶ 21, quoting *Burchett v. Larkin,* 192 Ohio App.3d 418, 2011-Ohio-684, 949 N.E.2d 516, ¶ 20 (4th Dist.). Accordingly, the test is whether "'no reasonable lawyer would have brought the action in light of the existing law; a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Cubick, supra* at ¶ 21, citing *Ohio Power Co. v. Ogle,* 4th Dist. Hocking No.12CA14, 2013-Ohio-1745, 2013 WL 1803895, ¶ 30.

Case No. 22 BE 0017

{¶30} Here, the probate court applied R.C. 2323.51(A)(2) and held that neither party presented claims or arguments for improper purposes, to increase litigation costs, to cause unnecessary delay, or for any other frivolous reason. The court found that the general division would resolve the main issue concerning ownership of the oil and gas interests and neither party had engaged in frivolous conduct in its case as defined under R.C. 2323.51.

{¶31} Although unconventional, we find that Appellees' probate court filing does not constitute frivolous conduct. The probate court complaint clearly requests the determination of heirship. It states that it is filed pursuant to R.C. 2105.06(I), which is the Statute of Descent and Distribution identifying lineal descendants if there are no living paternal or maternal grandparents of the deceased. The probate court has subject matter jurisdiction over such matters. *See* R.C.2101.24(A)(1)(c)(probate court has exclusive jurisdiction "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates"); R.C. 2113.01("[u]pon the death of a resident of this state who dies intestate, letters of administration of the decedent's estate shall be granted by the probate court of the county in which the decedent was a resident at the time of death"); R.C. 2123.01("[w]henever property passes by the laws of intestate succession, or under a will to a beneficiary not named in such will, proceedings may be had in the probate court to determine the persons entitled to such property").

{¶32} Eighteen pages of Appellees' probate court complaint outline the lineages of Thomas McNiece and five additional pages apply the intestacy statutes to those lineages. A family tree also accompanies the complaint. Appellees do not request that the probate court make any finding relating to the DMA. In fact, the complaint does not mention the DMA. The complaint seeks for the probate court to confirm that Appellees were the only surviving lineal descendants of the grandparents of Thomas McNiece so that they could state a claim to the McNiece oil and gas interests. There is no evidence that the complaint was filed merely to harass or maliciously injure Appellants or to cause unnecessary delay or needless increases in litigation costs.

{¶33} Further, we cannot conclude that no reasonable lawyer would not have brought the action in probate court in light of the existing law. Appellees sought to determine that they were heirs to the oil and gas interests of Thomas McNiece in order to

proceed in the general division case with a counterclaim. Probate court has jurisdiction to make such determinations. Appellees had standing to file the action in probate court and did not seek to invalidate Appellants' DMA claims in that forum. While most likely not the best practice, it is not absolutely clear that no reasonable lawyer would argue the claim that Appellees presented in probate court.

**{¶34}** Nor was Appellees' probate complaint unwarranted under existing law, lacking in evidentiary support, or inconsistent with contentions not warranted by the evidence. The probate court found that a justiciable issue existed between the parties. Appellees properly filed in probate court to be declared legitimate heirs of Thomas McNiece's oil and gas interests under relevant probate statutes. Appellants sought to prevent Appellees from claiming such ownership by asserting abandonment under the DMA in the general division case. The probate court allowed Appellants to intervene in Appellees' heirship action on a bona fide claim of ownership, although Appellees were not required to include Appellants in their complaint since Appellees sought to establish heirship and Appellants make no claim that they are heirs to the oil and gas interests.

**{¶35}** In any event, the probate court did not address the DMA issue and in fact, made no determination on any issue. That court stayed its case pending the general division's determination of those issues and Appellees thereafter voluntarily dismissed the probate court action and filed a counterclaim in the general division court case. The general division ultimately determined that Appellants' DMA notice was defective and quieted title to the oil and gas interests to Appellees.

**{¶36}** Since the probate court made no merits ruling after it stayed the case, and Appellees had standing to file a claim for heirship of the Thomas McNiece oil and gas interests, we find that Appellees did not engage in frivolous conduct by filing the complaint in probate court. While unusual, we cannot say that Appellees' complaint in probate court to determine heirship was egregious or an act that no reasonable lawyer would not have taken.

**{¶37}** For the same reasons, we reject Appellants' contention that the probate court was barred from considering the McNiece oil and gas interests under R.C. 5301.56(H)(2). Appellants are correct that this statute provides that "the record of the mineral interest shall cease to be notice to the public of the existence of the mineral

Case No. 22 BE 0017

interest or of any rights under it" and "the record shall not be received as evidence in any court of this state." Both parties cite DMA cases decided by this Court and the Ohio Supreme Court concerning notice and the evidentiary bar of R.C. 5301.56(H)(2). However, again, the probate court made no determination on this issue, Appellees had standing to file for heirship in the probate court, and the probate court complaint only addressed heirship.

**{¶38}** For these reasons, Appellants' assignments of error lack merit and are overruled.

Robb, J., concurs.

D'Apolito, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**